JAMES WILSON *v.* J. H. BARNHILL.

An affidavit that the defendant is "about to leave the State," is insufficent as a basis for a warrant of arrest; it ought to have added, "with an intent to defraud his creditors as the affiant believes;" and then set forth *the grounds* of such belief, so as to show some probable cause.

*Refusal* to allow a second affidavit to be filed, is an exercise of discretion, which cannot be reviewed upon appeal; the plaintiff might have filed a second sufficient affidavit immediately, and obtained a second warrant of arrest.

(*Clark* v. *Clark, at this term,* cited and approved.)

MOTION to vacate an order of arrest, made before *Logan, J.,* at January Special Term 1870, of MECKLENBURG Court.

The affidavit upon which the order had been granted, after stating the cause of action, set forth that the defendant "is about to leave the State." The order was thereupon made, and the defendant arrested December — 1869.

At the above Term, a motion was made by the defendant to vacate the order; and also one by the plaintiff to amend the affidavit, by filing another in which it was stated, upon information and belief, that the defendant "has disposed of his lands and portions of his personal property, and is using efforts to dispose of the residue, with the purpose of removing to the State of Texas, with the intent thereby to defraud his creditors," &c.

The Court refused the order to amend, and ordered that the order of arrest should be vacated. The plaintiff appealed.

*Wilson,* for the appellant.
*Dowd, contra.*

PEARSON, C. J. The affidavit upon which the warrant of arrest issued, was not sufficient to authorize it.

It sets out merely that the defendant Barnhill "was about to leave the State." This may be said of every man who is about to take a trip South; or every merchant who is going to the North to buy goods. The affidavit must set out that the party is about to leave the State, with an intent to defraud his creditors, as the affiant believes,—and the grounds of his belief, so as to show some probable cause.

If the defendant had filed a counter affidavit, that would have opened the way for affidavit in reply on the part of the plaintiff; *Clark* v. *Clark,* at this Term. But as no affidavit was filed by the defendant, the motion rested on the insufficiency of the affidavit on which the warrant of arrest issued.

The leave asked, to amend by filing an additional affidavit, was matter of discretion, and its refusal cannot be received in this Court.

After the defendant was discharged for the insufficiency of the affidavit, on which the warrant of arrest issued, we can see no reason why the plaintiff, if so advised, could not have

applied instantly for a second warrant of arrest based on the second affidavit, which sets out sufficient ground.

There is no error.

PER CURIAM.                    Judgment affirmed.