JOSEPH D. CLARK, Adm'r., &c. *v.* B. F. CLARK and others.

The plaintiff made an affidavit, for a warrant of attachment, that was insufficient in point of form, but the warrant was issued : the defendant, as ground for a motion to discharge the warrant, made a counter affidavit ; and thereupon the plaintiff replied with another affidavit, the form of which, was unobjectionable : *Held*, that upon the motion, the plaintiff was entitled to have his second affidavit considered, and that *its* completeness did away with what otherwise would have been the consequences of defects in his original affidavit, (C. C. P. § 196.)

(*Hughes* v. *Person*, 63 N. C. 548, cited and approved.)

MOTION to discharge an attachment, heard before *Watts, J.*, at Fall Term 1869 of NORTHAMPTON Court.

The action had been begun on the 4th of August 1869, returnable to Fall Term ; and an affidavit for an attachment returnable before the Clerk, was made upon the 30th of the same month. The ground alleged was, "That the defendant, Benjamin F. Clark, is about to dispose of his property with intent to defraud his creditors," and the affidavit went on to allege, "That I am able to prove the grounds of my fears, and am willing and ready to do so if necessary, but the violence and lawlessness of the defendant's, Benjamin F. Clark's character, prevents specification at the present time."

The Clerk ordered a warrant to issue as asked, and at Fall Term 1869 the defendant appeared, and answered the complaint, and also filed a counter affidavit on the subject of the attachment, denying the allegation of the plaintiff as above. and then making some explanations. and statements as to the amount, &c., of his property.

In reply to this, the plaintiff made another affidavit, giving, in detail, acts done by the defendant, in sending property out of the State in fraud of creditors, and also specific threats made by the defendant, of his purpose to evade the payment of the debt sued upon, and also, after the bringing of the action, to defeat the action.

Previously to the term, the defendant Clark, had given notice to the plaintiff of his intention to move the Judge to discharge the attachment.

CLARK, Adm'r. &c. *v.* CLARK *et al.*

His Honor granted the order to discharge, and the plaintiff appealed.

*Peebles & Peebles* for the appellant.
*Barnes* and *Rogers & Batchelor, contra.*

PEARSON, C. J.   Passing by the objection that the Judge could not entertain a motion to vacate the order for an attachment of property, upon a notice returnable before the Court—that is, the Clerk, and admitting the first affidavit to be insufficient to support the warrant of attachment, upon the distinction taken between a *thing done,* and a thing which the party fears and believes is *about to be done, Hughes* v. *Person,* 63 N. C. R. 548:  We think his Honor erred in not allowing the plaintiff to have the benefit of his additional affidavit.   It sets out fully the grounds on which he believed that the defendant was about to dispose of his property, in order to defraud his creditors, and particularly, to prevent the plaintiff from collecting his debt, which in a general sense, is expressed by the words "to defraud creditors.

If the defendant had put the question on the insufficiency of the first affidavit, the distinction taken in *Hughes* v. *Person, supra,* would have supported the objection; unless the allegation of the plaintiff that he was afraid to set out specifically the ground of his belief, because of the general character of the defendant as a violent and lawless man, could be taken as sufficient to make an exception.

But the defendant, not content with filing an answer to the complaint, also files an affidavit in reply to the affidavit on which the warrant of attachment issued.   This let in the additional affidavit of the plaintiff, which cures any omission in the affidavit of the plaintiff: C. C. P. sec. 96.

In proceedings of this nature, a party, aided by the advice of counsel learned in the law, is left to make the move which he thinks best, and if his move gives to his adversary

a right to make another move, it belongs not to the Court to take sides, and, by ruling out the last two moves, put the matter upon the sufficiency of the first affidavit. "Fair play" is a rule of the common law, and when one takes his chance, he must abide by the result.

There is error.   This will be certified.

PER CURIAM.                                                      Error.