SOL BEAR *et al* v. P. COHEN.

A Superior Court Judge has no authority to vacate injunctions, or to set aside attachments regularly granted, except for causes pending in his own District. Therefore when an attachment was taken out in the third Judicial District, the Judge of the sixth Judicial District was unauthorized in law to vacate said attachment.

Whenever a Judge exchanges Districts with another, with the consent of the Governor, or whenever he shall be required by the Governor to hold a specified term of a Superior Court out of his proper District, the authority of the Governor should be of record in every County in which he holds a term, and should be attached to the record of every appeal to this Court. Judges who exchange Districts by the consent of the Governor for a whole riding, or series of Courts, take the place of each other for all purposes during that series of Courts.

When the Governor requires a Judge to hold a term of a Court (either regular or special) for some County outside of his proper District, the authority of the Judge is special: the jurisdiction of the proper Judge of the District is superseded by that of the substituted Judge in that County during the specified Term, but not elsewhere, nor for a longer time; the substituted Judge has, in respect to all cases pending in the specified County during the specified Term, all the powers of the proper Judge of the District; he still retains those belonging to him, as Judge of his own District.

An attachment or other provisional remedy will be vacated without any undertaking by the defendant, by a Judge, if on its face it appears to have been issued irregularly, or for a cause insufficient in law, or false in fact.

There is no authority for a Judge to decide any question of fact, as to the title to property, or to deprive a plaintiff of a security which he has obtained according to law.

Application to vacate an attachment heard at Chambers, before *Watts, J.*

The facts of the case are sufficiently stated in the opinion of the Court.

*Faircloth* and *Bragg & Strong*, for plaintiffs.
*Phillips & Merrimon* and *Seymour*, for defendant.

RODMAN, J.   On 1st May, 1871, plaintiffs issued a summons against defendant, returnable to Wayne Superior Court, and demanded judgment for a sum due by note.

A complaint was regularly filed.   Plaintiffs also on 2nd May, 1871, filed an affidavit to the effect that defendant had assigned his property in fraud of his creditors, to one Kursch-baun, and gave the proper undertaking.   Thereupon the Clerk of Wayne Superior Court issued an attachment against the goods of the defendant, which were accordingly seized by the Sheriff.   On 9th May, Kurschbaun made an affidavit that the goods were his, having been mortgaged to him by defendant and his partner J. H. Cohen, on 13th April, 1871, and the mortgage is annexed.   The detendant and J. H. Cohen confirm the affidavit of Kurschbaun.

Upon these affidavits, the defendant applied to Hon. S. W. Watts, in Wayne County, to vacate the attachment; and his Honor therefore ordered the defendant to appear before him at Newbern, on 12th May, and show cause, &c.

There is no date to the order.   On the return day his Honor vacatetd he attachment, and ordered the property seized by the Sheriff to be restored to the defendant.   From this order the plaintiffs appealed to this Court.

We know officially that Judge Watts is Judge of the sixth Judicial District, and that Wayne and Craven Counties are in the third Judicial District.   The first question therefore is, by what authority Judge Watts undertakes to act in those Counties?   It is agreed by the counsel in this case, that he was directed by the Governor, under Art. IV, sec. 12, of the Con-stitution, to hold the Spring Terms of the Superior Courts for Wilson and Craven Counties, which are in the third district. Upon this part of the case, it is proper to say, that whenever a Judge shall exchange districts with another, with the consent of the Governor, or whenever he shall be required by the Governor to hold a specified term of the Superior Court in a County out of his proper district, the authority from the Gov-

ernor should be entered of record in every County in which he holds a term, and should be attached to the record of every appeal to this Court. Otherwise it cannot be seen, (except by the agreement of the parties as in this case,) that he had any authority at all, and his proceedings would run the risk of being held void.

In the present case, it sufficiently appears by the admission, that Judge Watts was authorized by the Governor to hold the Spring Term in Wilson and Craven counties. The question then occurs, was he thereby given jurisdiction to act in cases pending in other counties of the third District, viz: in Wayne? The question is of general interest, and not without difficulty. But it is probably more important that it should be settled, than that it should be settled in any particular way. We have concluded as follows:

1st. When Judges exchange districts by the consent of the Governor, for a whole riding or series of courts, each takes the place ot the other for all purposes during that series of Courts.

2nd. When the Governor requires a Judge to hold a term of a Court, (whether regular or special) for some county outside of his proper District, the authority of the Judge is special; the jurisdiction of the proper Judge of the District is superseded by that of the substitute Judge in that county during the specified term, but not elsewhere, nor for a longer time; the substituted Judge has in respect to all cases pending in the specified county during the specified term, all the powers of the proper Judge of the district; he still retains those belonging to him as possessed of in his own district. It is unnecessary to give in detail the reasons for these conclusions. They are partly founded on a consideration of sections 111, 112, 113, C. C. P., and partly on general convenience. As we have heretofore said, in questions of mere practice, over which this Court, by sec. 394, C. C. P., has a certain legislative jurisdiction, such as all Courts of appeal must have, and where no injury is worked by a decision founded on it, the *argumentum ab inconvenienti,*

11

avails much. And we think, after balancing the inconvenien-
cies on both sides, the rule we here establish is the most reason-
able. This conclusion might dispose of the case. But we can
scarcely do full justice to the parties, without noticing the
other questions arising upon the order made by his Honor
Judge Watts, at Newbern, on 12th May.

An attachment or other provisional remedy will be vacated,
of course, and without any undertaking by the defendant, by
a Judge, if on its face it appears to have been issued irregularly,
or for a cause insufficient in law, or false in fact. (C., C. P., sec-
tions 174, 186, 195, 212, 213.) But in this case there was no sug-
gestion of that sort. The cause alleged as the ground for the
attachment is admitted. The property is claimed by Kursch-
baun, under a mortgage which we will assume, for the present,
was not apparently fraudulent, and might therefore be good.
He thereby entitled himself to come in and be made a party
defendant, and to interplead with the plaintiff. (C. C. P., sec-
tions 61, 65.) In such a case, an issue would be made, which
would be triable as other issues are.

Probably he might, under sec. 186, C. C. P., prevent the
Sheriff from delivering the property to the plaintiff, until the
plaintiff should enter into an undertaking of indemnity, as pro-
vided in that section, of which *Kurschbaun* would have the
benefit. No doubt, too, a Judge would have the power to re-
quire a defendant, as a condition of discharging an attachment,
to enter into an undertaking with sureties, to pay, in case of a
recovery, the demand sued for, to an amount not exceeding the
value of the property attached; and it would be his duty to do
so, except when the attachment had issued under circumstances
in which it is not given by law.

We suppose the Judge thought himself justified, in ordering
the property to be restored to the defendant, without security,
by sec. 512, C. C. P. But this section applies only when the
attachment is vacated because of irregularity, or because it was
issued upon grounds insufficient in law, or false in fact. We

BEAR *et al v.* COHEN.

can find no where in the Code, or in any principle in law, any authority given to a Judge to decide an issue of fact, as to the title to property, or to deprive a plaintiff of a security which he has obtained according to law. We have been cited to no precedent in support of such a jurisdiction. More especially should a Judge refrain from such action, when the claim set up, if not absolutely fraudulent in law, bears on its face so many marks of suspicion. The property conveyed, consisting of a stock of goods, is not inventoried or particularized. And it is provided that the mortgagors shall continue to possess the goods, and sell them at their pleasure. Such an instrument can scarcely be called a security for a debt, as at any moment, at the pleasure of the debtor, the substance of the security can be destroyed by a sale of it, leaving the mortgagee's debt still simply a debt without security.

In our opinion the order discharging the attachment was void.

It is ordered that the defendant immediately return to the Sheriff of Wayne County, the goods originally levied on by him, and delivered to defendant under color of the order of Judge Watts, dated the 12th of May, 1871; and that the Sheriff hold the same, subject to the order of the Judge of the Third Judicial District, or other lawful authority.

The plaintiff will recover his costs in this Court.

PER CURIAM.