WOOD & HATHAWAY *v.* T. J. HARRELL.

An affidavit in an action upon a contract for the recovery of money, alleging "that the said T. J. is about to remove from the State of North Carolina, to become a resident of the State of Virginia," is not sufficient to warrant an order of arrest of the defendant.

The affidavit must show the grounds upon which the belief of the plaintiff is based, in order that the court may judge the reasonableness thereof.

(*Hughes* v. *Person*, 63 N. C. Rep. 548; *Clark* v. *Clark*, 64 N. C. Rep. 150; *Wilson* vr *Barnhill*, 64 N. C. Rep. 121, cited and approved.)

This was a Civil Action, tried before his Honor, *Eure, J.,* at Spring Term, 1875, of the Superior Court of Chowan county.

The action was originally commenced in a Court of Justice of the Peace, to recover the sum of $85.00, alleged to be due the plaintiff by contract. At the time of issuing the summons, the plaintiff filed the following affidavit:

" J. R. B. Hathaway makes oath :

1. That he is a member of the firm of Wood & Hathaway, composed, as above stated, and doing business in Edenton, county aforesaid.

2. That Thos. J. Harrell is indebted to the said firm by contract, with interest to this date, in the sum of $85.54.

3. That the said Thomas J. Harrell is about to remove from the State of North Carolina to become a resident of the State of Virginia."

Upon the filing of this affidavit, a capias was issued for the arrest of the defendant.

On the —— day of ——, 1874, judgment was rendered in the Justice's Court in favor of the plaintiff, from which judgment the defendant appealed to the Superior Court.

When the case was called in the Superior Court, the defendant moved the court to vacate the order of arrest, because of the insufficiency of the affidavit.

After argument, the motion was overruled, and it was submitted to the jury to decide whether the facts, stated in the affidavit of the plaintiff, were true. The jury found by their verdict that the defendant was about to remove from the State, whereupon the court rendered judgment in favor of the plaintiff. From which judgment the defendant appealed.

No counsel in this court for the appellant.
*Gilliam & Pruden*, contra.

BYNUM, J. The affidavit filed did not warrant the order of arrest. The distinction was taken in *Hughes* v. *Person*, 62 N. C. Rep., 548, between things *done* and things which the party believes *are about to be done*, and this distinction was

reaffirmed in *Clark* v. *Clark*, 64 N. C. Rep., 150. It was therefore necessary for the plaintiffs, in their affidavit, to have set forth the *grounds* of their belief that the defendant was "about to remove from the State," in order that the court might judge the reasonableness thereof. *Wilson* v. *Barnhill*, 64 N. C. Rep., 121. The court refused to vacate the order of arrest; why, then, afterwards submit the same matter to the revision of a jury? The question of the sufficiency of the affidavit was one of law addressed to the court alone.

There is error.

PER CURIAM.    Judgment reversed and order of arrest vacated.