HOSEA HALE v. J. M. RICHARDSON.

*Attachment— Arrest—Practice in cases of.*

1. A warrant of attachment cannot be supported by an allegation in the affidavit that the defendant is about to remove from the state to defraud his creditors; but such an allegation is material in an affidavit for a warrant of arrest.

2. Upon motion to vacate such warrant, the judge may consider affidavits and any proper evidence adduced by the respective parties, to establish or controvert the allegations of the affidavit upon which the warrant issued; and his findings of fact upon the same are conclusive.

(*Benedict* v. *Hall*, 76 N. C., 113; *Devries* v. *Summit*, 86 N. C., 126, and cases there cited; *Burke* v. *Turner*, 85 N. C., 500, cited and approved).

MOTION to vacate an order of attachment heard at Spring Term, 1883, of UNION Superior Court, before *Shipp, J.*

The plaintiff brought this action before a justice of the peace in the county of Union on the 31st day of January, 1883, and sued out a warrant of attachment therein, which was duly levied upon the property of the defendant.

Afterwards the defendant appeared and moved upon due notice to discharge the attachment, on the ground of alleged irregularity in the issuing thereof, and upon the further ground, that the material allegations in the affidavit upon which the same was issued were not true.

The action was tried before the justice of the peace, who gave judgment for the plaintiff for the debt, refused to discharge the attachment, and the defendant appealed to the superior court. In that court the motion to discharge the attachment was renewed. Numerous affidavits were offered, both on the part of the plaintiff and defendant, in regard to the material allegations contained in the affidavit of the plaintiff upon which the warrant of attachment issued,' and the whole matter was considered by the court. The court found as a fact that the defendant did not sell and dispose of his property fraudulently and with a view to defraud his creditors; and further, that the defendant was not about to leave the state with intent to defraud his creditors; and thereupon gave judgment discharging the attachment and directing the restoration of the property levied upon and seized to the defendant, and for costs. From this judgment the plaintiff appealed to this court.

*Messrs. Hinsdale & Devereux* and *Covington & Adams*, for plaintiff.
*Messrs Payne & Vann*, for defendant.

MERRIMON, J., after stating the case. The allegations in the affidavit that the defendant was about to leave the state with a view to defraud his creditors, was immaterial in the application for the warrant of attachment: such removal is not made a cause for such warrant, but it would be a material allegation in an affidavit for a warrant of arrest. THE CODE, §§291, 349; *Wilson* v. *Barnhill*, 64 N. C., 121.

It is competent on a motion to discharge an attachment, for the court to hear affidavits and any proper evidence to disprove the allegations contained in the affidavit required by the statute to support a motion for the warrant. The plaintiff may in such case meet them by counter-affidavits and evidence. There is nothing in the statute that makes the affidavit necessary to obtain the warrant of attachment, conclusive of the truth of the alle-

gations therein made, and it would be manifestly unjust to make it so by judicial precedent. If this were so, an overzealous or unprincipled creditor might make a remedial statute an engine of oppression and wrong. There are many cases in which counter-affidavits have been heard under varying circumstances. We. think it is generally competent to disprove the alleged grounds for a warrant of arrest, warrant of attachment and like cases by affidavits and proper evidence upon a motion that puts the same in issue. *Clark* v. *Clark*, 64 N. C., 150; *Bruff* v. *Stern*, 81 N. C., 183; *Devries* v. *Summit*, 86 N. C., 126; *Benedict* v. *Hall*, 76 N. C., 113.

The findings of the court upon the evidence, that the defendant did not sell his property fraudulently and with a view to defraud his creditors, is conclusive, and this court has no power to review his findings in this respect. This is well settled by many decisions. *Burke* v. *Turner*, 85 N. C., 500.

The court having found the single material allegation in the affidavit upon which the warrant of attachment was granted to be unfounded, it was proper to discharge the attachment and give judgment that the property levied upon and seized be restored to the defendant, in the absence of any motion to amend that the court would for satisfactory reasons grant.

There is no error and the judgment must be affirmed, and it is so ordered. Let this be certified.

No error.                                        Affirmed.