\*JOHN H. McELWEE v. W. T. BLACKWELL et. al.

*Pleading—Complaint—Slander of Title to Trade Mark.*

1. It is sufficient if the complaint states facts sufficient to show that a legal wrong has been done by the defendants, for which the law will afford redress.

2. In an action for slander of title to a trade mark, where the injury complained of is not so much the defamatory words, but was occasioned by positive acts and threats, by which the customers of the plaintiff were deterred from trading with him, *It was held* error to non-suit the plaintiff, because the complaint did not set out the actionable words.

(*Jones* v. *Stanly,* 76 N. C., 355 ; *Haskins* v. *Royster,* 70 N. C., 601 ; *Halstead* v. *Mullen,* 93 N. C., 252 cited and approved).

CIVIL ACTION tried before *Montgomery, Judge,* at November Term, 1885, of the Superior Court of ROWAN county.

The facts appear in the opinion.

The plaintiff appealed.

*Messrs. R. F. Armfield* and *John Devereux, Jr.,* for the plaintiff.
*Messrs. Thos. Ruffin, John W. Graham, W. W. Fuller, M. L. McCorkle* (*Messrs. D. Schenck, Charles Price, T. C. Fuller, Geo. H. Snow and E. C. Smith* were with them on the brief), for the defendants.

---

\*Mr. Justice MERRIMON having been of counsel for the defendants, did not sit on the hearing of this case.

Smith, C. J. This cause was called for trial, and the defendants' counsel moved to dismiss the action, on the ground "that the complaint did not state facts sufficient to constitute a cause of action for slander of title, in that the words constituting the alleged slander, were not set forth in the complaint; and in that no special damages were alleged, and no facts stated or alleged showing special damages." The Court being of opinion and having so intimated, that the objection was well taken and fatal, the plaintiff, in submission thereto, suffered a non-suit and appealed, so that the only question to be considered, is, whether any action can be sustained upon the facts, assuming them all to be true, set out in the complaint.

It is not material to inquire, whether the case presented possesses all the requirements of the former action for slander of title in the complaint, upon which the argument for the defendants proceeds in pointing out the necessary and deficient averments to bring the action within the class, but is the plaintiff entitled to any relief in the premises, and have the defendants committed any actionable wrong in what they are charged to have done to the plaintiff's injury, for which the law affords redress.

The allegations in substance are, that the plaintiff is half owner of, and entitled to use, a certain recipe used in manufacturing and preparing smoking tobacco, which has acquired a high reputation among those who use and deal in the article, and built up a large and valuable trade for him.

That in identifying the smoking tobacco thus prepared by the plaintiff, he has for a series of years past, used upon packages containing it, a label and trade mark, of which a representation is given, and which he was in like manner entitled to use for such identification.

Article six of the complaint contains the *gravamen* of the charge, and is as follows :

"That the defendants from or about the said 12th day of September, 1870, and on divers other days from that to the

present time, well knew that the plaintiff claimed and was entitled to use, and was using, the said label, sign and trade mark, on the packages and other means of containing smoking tobacco by him manufactured, but regardless of the rights of the plaintiff in and to the use and enjoyment of said label, sign and trade mark, and with the wilful design to wrong and oppress plaintiff and destroy the value of his ownership in said label, sign and trade mark, said defendants falsely represented to certain persons who were the customers of plaintiff, and in the habit of buying from plaintiff large quantities of smoking tobacco, marked and labeled with his said label, to-wit: M. M. Wolf & Co., of Charlotte, N. C., and divers other customers of plaintiff, at the City of New York, Atlanta, Ga., New Orleans, La , and Norfolk, Va. ; and elsewhere, and to many other persons, whose names are to plaintiff unknown, and to persons engaged in buying and selling tobacco, and to the public generally ; that plaintiff had no right to the use of said label, sign and trade-mark ; but that the defendants were the sole, exclusive and rightful owners, and entitled to the exclusive use of said label, sign and trade-mark, and defendants, as plaintiff is informed and believes, threatened to sue the said persons named as customers of plaintiff, and many other persons whose names are unknown to plaintiff, and all dealers in smoking tobacco, and the public in general, and to prosecute them in the Courts of the country, if they bought from plaintiff or his agents, or if they sold or offered to sell, any smoking tobacco manufactured by plaintiff and so marked and labeled with said label, sign and trade-mark ; and the defendants thereby caused the said persons mentioned as the customers of plaintiff, and many other persons whose names are unknown to the plaintiff, and the public in general, to forbear and abstain from the purchase, sale and use of the said smoking tobacco so manufactured by plaintiff, and marked and labeled with his said label, sign and trade-mark, thereby greatly damaging plaintiff's sale, and diminishing his profits, and injuring and almost destroying plaintiff's trade and

business in the manufacture and sale of smoking tobacco, and in further pursuance of their efforts to wrong and oppress plaintiff, and destroy the value of his ownership in the use of said label, sign and trade-mark, the defendants, in the latter part of the month of July, 1875, caused to be attached in the City of New York, in the hands of James M. Gardner & Co., consignees of the plaintiff, about 200 cases of smoking tobacco, manufactured by plaintiff, and bearing his label, sign and trade-mark, as aforesaid ; whereby plaintiff suffered great loss, damage and reputation."

The concluding article avers the damage occasioned by the defendants' illegal conduct, and demands $50,000 as damages.

The plaintiff charges that the defendants, with knowledge of the plaintiff's asserted right to use the label in identifying his own prepared smoking tobacco, and thus increase his sales and assure a public support, and with the wilful purpose to wrong and oppress, and destroy the value of his title to the trade-mark, by which goods of his manufacture were known, said and did the things enumerated in his complaint, threatening to prosecute customers who continued to buy from him and sell, and thus diminishing his sales, and curtailing the business he had built up during many years.  For all this alleged conduct, resulting in serious loss and damage, does the law give no remedy ?  Must the plaintiff submit to it in silence?    If inducing others to violate his contract, is itself actionable when done with malicious motive, *Jones* v. *Stanly*, 76 N. C., 355, or persuading him to quit a service which he has undertaken, *Haskins* v. *Royster*, 70 N. C., 601, can the defendants, for doing much more for the intentional injury of the plaintiff, escape all legal responsibility for the consequence, to the wronged party ?

In *Evans* v. *Harris*, 38 En. L. & Eq. Reports, 347, Martin B. puts this case : "Suppose a biscuit maker is slandered by a man saying that his biscuits are poisoned, and in consequence no one enters his shop.   He cannot complain of the loss of any particular customer, for he does not know them, and how hard and

unjust it would be, if he could not prove the fact of a loss, under a general allegation of loss of custom."

This was said when the injury was the direct result of words spoken, and as in such case dispensing with specific allegations of damage.

In the present case, the *gravamen* consists, not so much in what was said defamatory of the plaintiff's title to the trade mark, but in positive acts and threats, by which customers, and many of them are named, were intimidated and deterred from purchasing the plaintiff's goods. We are not prepared to say that no cause of action is set out in the complaint, and to sustain the ruling under which the case was taken from the jury and the plaintiff forced to a non-suit. Possibly the proofs would have been even stronger than the allegations, and in such case, come within The Code §272 and §276, as explained in *Halstead* v. *Mullen,* 93 N. C., 252.

Without definitely determining the sufficiency of the complaint in its present form, the Court erred in making this summary disposition of the cause, instead of permitting the trial to proceed, and for this reason, and without prejudice to the defendants in doing so, we reverse the judgment. Let this be certified.

Error.            Reversed.