JULIA O. HARRISS and GEO. HARRISS v. WILLIAM SNEEDEN
and SILAS SNEEDEN.

*Slander of Title—Arrest and Bail.*

1. An action for slander of title will lie only where a person has an
   interest or estate in the property, and another person *falsely* and
   *maliciously* impugns his title thereto, by reason of which some
   *special* damage is suffered.

2. It is questionable if an order of arrest may be properly granted in an
   action for slander of title.

3. In an application for an order of arrest the applicant is required to
   set forth fully and with legal precision the facts which constitute
   his alleged cause of action; if they are of his own knowledge they
   should be positively stated, and if they are upon belief, he should
   state the sources of his information, so that the Court can deter-
   mine if a proper cause of action exists.

4. Where the defendant moves to vacate the order upon the ground
   that it was irregularly or improvidently granted, the plaintiff will
   not be allowed to offer additional evidence in support of his appli-
   cation; but if the defendant moves to vacate upon counter proofs
   the plaintiff may produce further evidence.

5. If the order was properly granted it ought not to be vacated upon the
   simple denial of the alleged cause of action; but where the answer
   or counter affidavits meet the allegations of the plaintiff fully and
   in detail, and furnish convincing evidence of their truth, the order
   should be vacated.

6. The findings of facts by the Judge—in an action at law—upon which
   an order of arrest is made or vacated, are conclusive.

This was a MOTION to vacate an Order of Arrest, in an
action pending in the Superior Court of NEW HANOVER
County, and heard by *Shepherd, J.,* at Chambers, in Janu-
ary, 1888.

The plaintiffs alleged that the *feme* plaintiff is the owner
of the land described in their complaint, and the fol-
lowing is a copy of so much thereof as is material to the
questions considered :

101—18

" 10. That recently there has been much public discussion as to the probability of a railroad being built to the Island and Beach above mentioned, and as to the increased values of the lands in consequence of such improvements, and plaintiffs were offered good prices for their land, and about the middle of August last had almost closed a contract for the sale of a part of the Island and Beach, when to their great surprise, and great pecuniary loss, they ascertained, and now allege that defendants with strong hand entered upon their premises, the Island aforesaid, and circulated threats, far and near that they would shoot any person who attempted to enter the premises save by their license, and exhibited their shot guns and other evidences of murderous purposes, and proceeded to erect a building on the land, placing it on a prominent point where it can be seen, and is seen by large numbers of people, and the title of plaintiffs has been thereby grossly slandered, and they greatly damaged.

" 11. That the acts of trespass and slander and violence herein complained of have been done by both defendants with the malicious intent of injuring the plaintiff, and done solely with the wanton and malicious motive of extorting money from plaintiffs.

" 12. That plaintiff, Julia O. Harriss has been damaged by the wrongful and malicious acts, slanders and trespasses of defendants, in a sum not less than two thousand dollars; that plaintiffs have been prevented from making a sale of their property, and can not sell it at all with the cloud on the title, and the acts of trespass which have been committed wantonly and maliciously by the defendants for the purpose of preventing plaintiffs from selling their property and realizing on it.

" 13. That defendants have entered and published threats, claims in themselves and slanders against the title of plaintiffs, well knowing them to be false, and actuated by mali-

cious motives, such slanders consisting in the allegation which the defendants have falsely made to the effect that plaintiffs have no title to the premises in question, and that the heirs of Stephen Sneeden own the premises, and that plaintiffs are trying to cheat and defraud them out of it, in consequence of which false and malicious slanders plaintiffs have lost the sale of their lands, and been damaged as hereinbefore stated.

"14. The plaintiffs are informed and believe that no other of the heirs of Stephen Sneeden, except the defendant William, has at any time set up any claim to the premises, or disputed plaintiffs' title to the same.

"Wherefore plaintiffs demand judgment.

"1. For five thousand dollars against said defendants.

"2. For their cost in this action."

The plaintiffs applied at the time the action began for the provisional remedy of arrest and bail. They produced before the Court in support of their motion for the order of arrest their sworn complaint used as an affidavit and their other affidavit the material parts of which are as follows:

"1. That a sufficient cause of action exists in favor of the plaintiffs against the defendants William Sneeden and Silas Sneeden, the grounds of which appear by the sworn complaint in this action, hereto annexed, being for the injuring of property, by denying plaintiffs title thereto, by entering upon and holding possession forcibly of said property, by publishing threats to shoot any one who may enter upon it except by defendants' license, thereby partly causing the plaintiffs to lose the sale of said property. That all the statements of said complaint are true to the knowledge of this deponent except as to the allegations stated in the complaint to be on information and belief, and as to these allegations, deponent believes them to be true.

"2. That the plaintiffs are about to commence an action in this court against the said defendants, William Sneeden

and Silas Sneeden, upon the cause of action stated above, and in the sworn complaint, and has issued a summons against said parties."

The Court granted the order of arrest, which was executed.

Afterwards the defendants filed their answer, in which they broadly, positively, and much in detail, denied the material allegations of the complaint and the statements of fact in the affidavit. The following is a copy of two material paragraphs thereof:

"10. The defendants, answering the 10th article of the complaint, admit that there has been considerable public discussion as to the probability of a railroad being built to the island and beach above mentioned, but they deny the other allegations of this article of the complaint, and assert as follows: That in the midst of this discussion they learned, for the first time, that the plaintiff George Harriss set up some claim, or pretence of claim, to the said Hammocks, and thereupon they consulted counsel, and, acting under his advice, they proceeded to erect a small building upon their property, the said Hammocks, and to occupy the same, without the least violence, or offer of violence, to any person, and without threats to any person, and continued to occupy the same quietly and peaceably, permitting any one who wished to do so to come upon the island.

"11. That in answer to the 11th article of the complaint, the defendants deny that plaintiffs have any title to said property, or that they have committed any trespass, slander or violence upon the said plaintiffs, or either of them or their title, and they deny that they have been actuated by any malice, or any motive of extorting money; on the contrary, the defendants allege that they have simply attempted, in a lawful and peaceable way, to protect their rights to the possession of their own property. And they further allege, that frequent offers were made to them of money by persons in privity with the plaintiffs, all of which they rejected, and

that the plaintiffs, failing in these efforts to secure possession, and well knowing that they had no title to the premises, and knowing that defendants were very poor men, and hoping to intimidate them into surrendering their property, resorted to the unlawful and oppressive proceeding of arresting and removing from the premises these defendants, in order that they might thereby secure possession for themselves, and that, immediately following the arrest, they did take and still hold possession of said island or Hammocks."

The defendants moved to vacate the order of arrest. The Court granted this motion, and made an order, of which the following is a copy:

"This motion coming on to be heard by me upon the complaint and answer used as affidavits, the answer being fully responsive to the allegations of the plaintiffs, and it appearing to the Court that the allegations as to slander of title are rebutted, and the Court being of the further opinion that the alleged cause of action is not a proper ground for the arrest of the defendants: It is adjudged that the motion be granted, and that the defendants be and are discharged."

From this order the plaintiff appealed to this Court.

*Mr. Solomon Weil*, for the plaintiff.
*Mr. Thos. W. Strange*, for the defendants.

MERRIMON, J., (after stating the case.)   In his application in the action for the provisional remedy of *arrest and bail*, the plaintiff should state in the affidavit such facts as clearly disclose a cause of action as to which the defendant may be arrested as allowed by the statute (*The Code*, § 291).   These facts should be set forth with such fullness and legal precision as that the Court can certainly discern the particular cause of action intended to be alleged.   It should find the facts from the evidence produced by the plaintiff, and be able to see and determine that the cause of action exists as alleged.

It is not sufficient that it *may* exist—this must not be left to conjecture or bare probability—the Court must be satisfied from the evidence before it that it does so exist, because the statute allows the order of arrest to be granted only "when it shall *appear* to the Court or Judge thereof by the affidavit of the plaintiff, or any other person, that a sufficient cause of action exists, and that the case is one of those provided for" by the statute. Moreover, a party shall not be arrested upon conjecture, on facts which leave the mind of the Court in doubt and uncertainty.

The affidavit should state the facts positively, when this can be done, but if it is founded upon information and belief of the affiant, the grounds of such belief must be set forth so that the Court can see and judge of their character and sufficiency. *Peebles* v. *Foote*, 83 N. C., 102, and cases there cited.

The defendant may, at any time before judgment, move to vacate the order of arrest upon the ground that it was irregularly granted, or that the evidence and the facts found were insufficient to justify it. In such case the plaintiff cannot be allowed to offer additional evidence to support his motion improperly granted. *The Code*, §.317; *Bear* v. *Cohen*, 65 N. C., 511; *Devries* v. *Summit*, 86 N. C., 126. But the defendant may also support his motion by producing counter affidavits and other appropriate evidence to prove that that the plaintiffs' motion for the order of arrest was not well or sufficiently founded. In this case the plaintiff may produce additional affidavits and other pertinent evidence to cure defects and strengthen his case. *Clark* v. *Clark*, 64 N. C., 150; *Devries* v. *Summit, supra.*

The Court having the order of arrest and the motion to vacate it before it, will determine whether or not for any cause the order was improvidently granted, and, if need be, finding the facts from the whole evidence and considering and applying the same, it will direct that the order remain

undisturbed; that it be modified in some particular or vacated accordingly, as it may be of opinion, one way or the other.

A motion to vacate the order of arrest should be allowed, if, upon all the facts found and the law arising thereon, the Court should be satisfied that the order ought to be vacated. But when ·the order was properly granted, as the facts at first appeared, a mere denial by the defendant of the plaintiff's allegation sufficiently made would ·not be sufficient to ·prompt the Court to allow a motion to vacate the order. Nor ordinarily would the admission of the material facts, upon which the order was granted and facts made to appear in avoidance of the case made by the plaintiff be sufficient, unless such facts in avoidance should have such point and weight as to satisfy the Court that the plaintiff's grounds for the order of arrest were not well founded. The order regularly and properly granted—that is – granted upon sufficient proof to warrant it upon the application, should not be vacated, but upon convincing proof that it should be. *Hale* v. *Richardson,* 89 N. C., 62; 1 Whit. Prac., 421, 422, (4 Ed.); 3 Estees' Pleading, §§ 40, 41, *et seq*; 1 Gray's N. Y. Prac., 91, *et seq.*

Now if it be granted that the cause of action—that of "slander of title"—which the plaintiffs allege very vaguely and unsatisfactorily in their complaint, which was used as an affidavit in support of the motion for the order of arrest, was embraced by the statute (*The Code,* § 291), and as to which the defendants might be arrested (and this questionable), the Court had before it the complaint and answer used as affidavits upon the motion to vacate the order of arrest, and informally found the facts from the whole evidence, and that the facts as stated by the defendant were true and "rebutted"—overthrew—the case made by the plaintiff for the purpose of the motion for the order of arrest. We are not at liberty to review the findings of fact by the Court,

this being a case at law. *Jones* v. *Boyd,* 80 N. C., 258; *Hale* v. *Richardson,* 89 N. C., 62; *Worthy* v. *Shields,* 90 N. C., 192. And, accepting the facts as found, we cannot hesitate to decide that the Court properly vacated the order of arrest. The facts alleged by the plaintiffs are indefinitely, vaguely and loosely stated, and therefore to be taken with more caution. The defendants on the other hand expressly and positively deny all the material allegations of the plaintiffs, and allege affirmatively, facts found to be true, which go strongly to show that they claimed the title to the land referred to in good faith, and did not impertinently and officiously interfere with the plaintiffs's claims, but in order to assert their own claim and title. This they had the right to do in good faith in an action of this character, even though upon scrutiny it should turn out that their claim of title was not well founded.

We may add in this connection, that the cause of action commonly denominated " slander of title" as to real property, arises when one person has an estate or interest in such property, and another person *falsely* and *maliciously* denies, impugns, misrepresents or questions the former's title thereto, and he suffers as a consequence special damage. There is always in such case *et damnum et injuria.* An essential element of this cause of action is the false and malicious statement or representation as to the title, and special damage to the complaining party occasioned thereby, however or in whatever manner such statement or misrepresentation may be made. As when a party was about to sell or make an advantageous disposition of his land and another impertinently interfered and falsely and maliciously misrepresented that his title was not good, and thereby prevented the sale, or prevented the owner from getting for it as fair a price as he otherwise would have done. In such a case an action would lie in favor of the injured party, but he would be required to prove that he sustained actual damage. Gener-

ally, it is not sufficieut to show that the complaining party intended to sell to any person who might buy; he should allege and prove that he was in treaty to sell to some particular person, or at least that some one was prevented—deterred—by such false statement or misrepresentation from offering to buy. It is not sufficient to show that the community regarded the land as less valuable; proof must be made that actual damage was sustained.

But if the denial of the complaining parties' title was made *bona fide* in assertion of the title, real or honestly believed to exist in him who made such denial, an action would not lie. A party has the right, as we have said, to assert in good faith his own title, although he may be mistaken as to its validity. 1 Starkie on Slander, 192; Odgers on Lib. and Slan. 137, *et seq.*; *McElwee* v. *Blackwell,* 94 N. C., 261.

There is no error.

· Affirmed.