COHARIE LUMBER COMPANY v. W. C. BUHMANN ET AL.

(Filed 9 October, 1912.)

1. Appeal and Error — Order Vacating Attachment — Findings of Facts.

   The Superior Court judge is not required to set out the facts upon which he has vacated an attachment levied on defendant's property, unless the party appealing, and complaining of the ruling of law, requests him to find the facts necessary to give him the benefit of his exceptions.

2. Same—Presumptions.

   On appeal, it will be presumed that the Superior Court judge found facts sufficient to support his order vacating an attachment on the debtor's property, when they do not appear of record; and any facts, so appearing, found by him, are not reviewable.

3. Appeal and Error—Order Vacating Attachment—Debtor's Possession—Undertaking—Interpretation of Statutes.

   When an attachment on the debtor's property has been vacated by the Superior Court judge, the defendant should not be required to give the undertaking under Revisal, secs. 774 and 775, to regain possession of the property.

APPEAL by plaintiff from *O. H. Allen, J.,* at May Term, 1912, of NEW HANOVER.

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Walker.*

*Joseph W. Little and John D. Bellamy for plaintiff.*
*Davis & Davis for defendant.*

160—25

WALKER, J. This is an action to recover $3,000, the penalty of a bond given by W. C. Buhmann as principal and F. G. Buhmann as surety, for the faithful performance, by W. C. Buhmann, of a certain contract between him and plaintiff, and for the further recovery of the amount of a note for $2,500, made by W. C. Buhmann and indorsed by F. G. Buhmann, and deposited with plaintiff as collateral to secure the payment of three promissory notes, each for $500, given by W. C. Buhmann to plaintiff, and of an open account for money advanced and supplies furnished by plaintiff to the said W. C. Buhmann. Warrants of attachment were issued and levied on property of defendants in this State. They were based upon affidavits which alleged that W. C. Buhmann is not a resident of the State and that F. G. Buhmann, though alleged to be a nonresident, had secreted himself in the State with the purpose of avoiding the service of process, and had assigned, disposed of, and secreted, or was about to assign, dispose of, or secrete his property in this State, for the purpose of defrauding his creditors. The case was heard in the court below, after special appearance by defendants, upon a motion to vacate the warrants of attachment and the affidavits filed by the parties. The court ordered that the attachments be vacated, but without setting out the facts upon which the order was based.

The judge was not required to state his findings of fact in the order or otherwise, unless requested by the plaintiff to do so. This has been thoroughly settled by the authorities, and notably in *Millhiser v. Balsley,* 106 N. C., 433. As there seems to be some misapprehension upon this subject, we reproduce what is said by *Chief Justice Merrimon* in that case: "It was not necessary, in this case, that the court should set forth in the judgment vacating the warrant of attachment its findings of facts on which the same was founded. The statute does not so require, and to do so would more or less encumber the record without serving any necessary or useful purpose, unless a party should desire to assign error. In this and like cases it is the province of the judge in the court below to hear the evidence, usually produced before him in the form of affidavits, find the

facts, and apply the law arising thereupon. *Pasour v. Lineberger,* 90 N. C., 159, and the cases there cited. If a party should complain that the court erred in so applying the law, then he should assign error and ask the court to state its findings of the material facts in the record, so that he might have the benefit of his exceptions, on appeal to this Court. In that case, it would be error if the court should fail or refuse to so state its findings of fact, and the law arising upon the same. Such practice affords the complaining party reasonable opportunity to have errors of law, arising in the disposition of incidental and ancillary matters in the action, corrected by this Court, while in very many cases it lessens the labor of the court below, expedites proceedings in the action, and saves costs."

So we said in *Pharr v. R. R.,* 132 N. C., 418:

"This Court cannot pass upon the affidavits, but in order to entitle the moving party to a review here of the ruling below, the facts must be found and spread upon the record, and the court must always find the facts when requested to do so," citing *Smith v. Whitten,* 117 N. C., 389; *Albertson v. Terry,* 108 N. C., 75.

Where the facts are not set out in the record, we will presume that the judge found such facts as would support the order, or judgment, as the case may be. We do not presume that error was committed by the court. It must be shown by the party alleging it. *Pharr v. R. R., supra; S. v. Taylor,* 118 N. C., 1262; *Albertson v. Terry, supra.* Likewise, the findings of fact upon such a motion are not reviewable here, but are conclusive upon us. *Hale v. Richardson,* 89 N. C., 62; *Taylor v. Pope,* 106 N. C., 267; *Burke v. Turner,* 85 N. C., 500; *Harris v. Sneeden,* 101 N. C., 273; *Love v. Moody,* 68 N. C., 200; *Travers v. Deaton,* 107 N. C., 502. This rule, of course, is subject to the qualification that a party may except to the findings of fact upon the ground that there is no evidence to support them, but the exception must be made in apt time and in the proper way. *Travers v. Deaton, supra.* Assuming that the judge found such facts as warranted the order, and being concluded by them, as much so as if they had been fully set out in

.the order, the necessary conclusion is that there was no error in vacating the attachment, as there is no foundation for it to rest upon.

The learned counsel for plaintiff suggested in argument, and this is one of his assignments of error, that the defendants should have been required by the court to give an undertaking, under Revisal, secs. 774 and 775; but we do not think those sections will bear such a construction. They were intended to apply where the defendant comes in and moves to discharge the property from the attachment, upon giving the required security and without regard to the validity of the attachment. They are rather predicated upon the idea that the attachment was properly issued for one or more of the causes prescribed in the statute, and the defendant appears, submits himself to the jurisdiction of the court, and agrees to file an undertaking, with sufficient surety, in lieu of the attached property, and conditioned to pay the debt if the plaintiff succeeds in the action. A cursory reading of those sections will disclose this as the purpose of their enactment. It was not supposed that plaintiff should be entitled to security from the defendant if the attachment is invalid or was not properly sued out. The attachment then fails and the right to security is extinguished. It is said in 3 Enc. of Pl. and Pr., at p. 77, citing cases in the notes: "Attachments may be dissolved by traversing in the motion for dissolution the facts alleged in the affidavit as grounds for the attachment, by pleading some irregularity of a fatal character in the proceedings, or by giving bond to the sheriff to pay the debt, thereby releasing the property"; and at page 84: "It is generally provided by statute that the attached property may be discharged from the attachment lien by executing in favor of the plaintiff, or, in some States, the officer who executes the attachment, a bond, with sufficient security, conditioned upon the faithful performance of whatever judgment shall be rendered in the action." But the point is determined in *Bear v. Cohen,* 65 N. C., 511, where it is said: "An attachment or other provisional remedy will be vacated without any undertaking by the defendant, by a judge, if on its face it appears

to have been issued irregularly, or for a cause insufficient in law, or false in fact." *Rowles v. Hoare,* 61 Barbour (N. Y.), 266.

The rule is well stated in *Bates v. Killian,* 17 S. C., 553: "Attachments may be dissolved or defeated upon two grounds: (1st) Where some irregularity of a fatal character appears on the face of the proceedings, and (2d) because of the fact that the allegations upon which it may issue are untrue. The dissolution in either case may be had upon motion, the first being made upon the papers, and the second upon affidavits as to matters *dehors* the record. These causes go to the root of the attachment, especially in the last class of cases, and when they exist the effect of their interposition is not simply to release the property, but to entirely vacate and set aside the attachment proceedings. Besides this remedy, in cases where the attachment has been irregularly issued, or issued without warrant of law, section 265 of The Code, *supra,* provides for the release of the property attached, where the attachment has been legally issued and there is no objection as to its regularity or want of observance of proper form, the effect of which provision, when adopted by the defendant, is to convert the action from one *in rem* to one *in personam,* with security by the defendant for the payment of the debt. This is done by permitting the defendant to give bond for the payment of the debt in the event that the plaintiff's action succeeds, the purpose of an attachment being to obtain security for the debt by securing a lien on property. The bond provided for is substituted in the place of this lien and the property is released." When there is any fatal defect in the attachment proceedings, parties would doubtless avail themselves of the chance offered to attack the process and vacate the same, thereby releasing the property from the lien, without any further liability. The relief provided by Revisal, secs. 774 and 775, was without doubt intended primarily to provide for those cases where the attachments are regular and valid, and yet where it would be a hardship to the debtor if he is deprived of the use and enjoyment of his property during the pendency of the action. This remedy respects the interests of both creditor and debtor, as it gives the creditor

a security in the form of an undertaking, which is, by the law, considered as reliable as the lien displaced by it, and an adequate protection, while the debtor is restored to the possession of his property. *Bates v. Killian, supra.*

It appears that an undertaking was given to the sheriff for the release of the property, but what effect it will ultimately have in securing the plaintiff's claim, if established, is not now before us for decision.

No error.