[No. 2081]

## In the Matter of the Appplication of OLIVER BOYD for a Writ of Habeas Corpus.

1. Arrest—Civil Actions—Order—Affidavit and Complaint.
    Under civil practice act, secs. 146, 148 (Rev. Laws, 5088, 5090), providing for the arrest of a defendant in civil actions whenever about to depart the state or dispose of or remove his property with intent to defraud creditors, an order of arrest can be based both upon a verified complaint and an affidavit for arrest, and if both, taken together, are sufficient to justify the order, it is not improperly issued.

2. Statutes—Procedure Act—Construction.
    As the groundwork of the civil practice act of this state was the code of civil procedure of the State of New York, decisions of New York courts construing their procedure are especially in point in construing similar provisions of the practice act in this state.

3. Arrest—In Civil Action—Motion to Vacate.
    Under civil practice act, secs. 170–1 (Rev. Laws, 5112, 5113), providing that a defendant arrested in a civil action may apply to the court to vacate the order of arrest, if the only ground 'of the motion to vacate is because the affidavit upon which the order for arrest was based was insufficient, the court, on the hearing of the motion, will look alone to the affidavit, and if insufficient, defendant will be discharged; but, if the motion contains the further ground that the actual facts do not justify his arrest, the motion will be heard upon affidavits of defendant, counter affidavits of plaintiff, and any other evidence, and defendant is not entitled to be discharged if the proof justifies his being held, though the original affidavit was insufficient.

Original proceeding in *habeas corpus* by Oliver Boyd for discharge from civil arrest.  **Dismissed.**

The facts sufficiently appear in the opinion.

*J. M. Frame*, for Petitioner.

*Albert D. Ayres* and *W. M. Gardiner*, for Respondent.

By the Court, Norcross, J.:

This is an original proceeding in *habeas corpus*. The petitioner is held in custody by the sheriff of Washoe County under an arrest and commitment in a civil action instituted in the Second judicial district court by H. Feingold and J. Gluckman, copartners, plaintiffs, against the petitioner, Oliver Boyd, as defendant. The writ was

issued upon the averment of the petitioner that the court below was without jurisdiction to issue the order of arrest because the affidavit upon which it was based failed to state facts sufficient to justify the order, and that the same, therefore, was void. The return to the writ sets up all the papers and an account of the proceedings had in the lower court, excepting the complaint in the action, but it was agreed by respective counsel that the complaint stated a cause of action. From the return it appears that subsequent to the arrest of petitioner, the latter moved to vacate the order of arrest under the provisions of section 170 of the civil practice act (Rev. Laws, 5112), upon the ground of insufficiency of the affidavit and complaint, upon which the order was based, to justify the order, and further that defendant, petitioner herein, had a meritorious defense to the action, that he did not intend to depart the state with intent to defraud his creditors, and that all his acts and intentions were in the utmost good faith. The motion was supported by the affidavit of the defendant petitioner. Counter affidavits were filed upon the part of plaintiffs. The motion came on for hearing, and was heard upon the affidavits of the respective parties and upon oral testimony. The oral testimony was not reported, and is not before us, with the possible exception of portions thereof stated by counsel upon this hearing and conceded to have been given. The motion to vacate was denied, and the respondent justifies his authority to hold petitioner, both upon the original order of arrest and upon the order denying the motion to vacate and the further order of commitment after the hearing of the motion.

1. It is the contention of counsel for petitioner, if the affidavit upon which the original order of arrest was made fails to state facts sufficient to justify the order, that petitioner is entitled to be discharged, notwithstanding any additional showing which may have been made upon the hearing of the motion to vacate, for the reason that if the original affidavit is insufficient, it cannot be cured by a subsequent showing upon the hearing of the

motion, and further that upon the whole record, as shown by the return, petitioner should be discharged. Needless to say, these contentions of counsel for the petitioner are controverted by counsel for respondent.

The following provisions of the civil practice act (Rev. Laws, 5088, 5090, 5112, 5113) are controlling in the consideration of the questions presented:

"Sec. 146. The defendant may be arrested * * * in the following cases arising after the passage of this act: 1. In an action for the recovery of money or damages on a cause of action arising upon contract, express or implied, when the defendant is about to depart from the state with intent to defraud his creditors. * * * 5. When the defendant has removed or disposed of his property, or is about to do so, with intent to defraud his creditors."

"Sec. 148. The order may be made whenever it shall appear to the judge, by the affidavit of the plaintiff or some other person, that a sufficient cause of action exists, and the case is one of those mentioned in section 146. The affidavit shall be either positive or upon information and belief; and when upon information and belief, it shall state the facts upon which the information and belief are founded. * * * *"

"Sec. 170. A defendant arrested may, at any time before the justification of bail, apply to the judge who made the order, or the court in which the action is pending, upon reasonable notice to the plaintiff, to vacate the order of arrest or to reduce the amount of bail. If the application be made upon affidavits on the part of the defendant, but not otherwise, the plaintiff may oppose the same by affidavits or other proofs in addition to those on which the order of arrest was made.

"Sec. 171. If, upon such application, it shall satisfactorily appear that there was not sufficient cause for the arrest, the order shall be vacated. * * * *"

The affidavit upon which the order of arrest was based, after the entitlement of the court, reads: "*H. Feingold and J. Gluckman, Copartners, etc., Plaintiffs, v. Oliver*

*Boyd, Defendant.* State of Nevada—ss. County of Washoe. H. Feingold, being first duly sworn, deposes and says that he is one of the plaintiffs in the above-entitled action; that at different times within two months last past plaintiffs cashed for defendant, at the special instance and request of defendant, certain checks drawn by defendant upon a bank in Fresno, Cal.; that plaintiffs also loaned and advanced defendant the further sum of $50; that of the amounts so paid and advanced to defendant the total sum of $450.65 remains unpaid; that defendant has stopped payment upon the checks so cashed by plaintiffs, and that the bank upon which they are drawn has refused to pay the same; that defendant has declared that he will not pay to plaintiffs the amount so advanced by them; and that he is about to go to Susanville, Cal. Wherefore affiant alleges that defendant is about to depart from the state with intent to defraud plaintiffs, creditors of defendant, and asks that an order be made for the arrest of defendant."

It appears, both from the order of arrest and from the motion to vacate the order, that the order was based upon both the complaint and the affidavit of one of the plaintiffs. It is entirely proper to base an order of arrest both upon a verified complaint and an affidavit for arrest, and if both together are sufficient to justify the order, the order is not improvidently issued. (*Brady* v. *Bissell*, 1 Abb. Prac. 76; *Turner* v. *Thompson*, 2 Abb. Prac. 444; Hoffman's Provisional Remedies, N. Y. Code, p. 45.)

In *Brady* v. *Bissell, supra,* Hoffman, J., speaking for the court, said: "A sworn complaint is equivalent to an affidavit. In a late case, where the affidavit was in one point defective, but the defect was supplied by the complaint, I granted the order reciting that it appeared by affidavit, and the complaint duly sworn to, that a cause of action existed, etc. I am of opinion that where the summons and complaint have been served, and are laid before the judge, upon an application for an arrest upon an affidavit, the plaintiff is entitled to refer to it in order to sustain the order, where the affidavit itself is defective.

In other words, both documents may be treated as forming the grounds of the order, although but one of them is mentioned."

In Hoffman's Provisional Remedies, page 45, the author says: "In cases in which the complaint should show the grounds of arrest—cases where these are identical with the cause of action—the complaint may suffice as an affidavit. And where the complaint and summons have been served, as are laid before the judge, upon an application for an arrest, upon an affidavit which was defective, the complaint was resorted to in order to supply the defect. The order recited that it appeared by affidavit and complaint that a cause of action existed, etc. The sworn complaint was equivalent to an affidavit. In *Seely* v. *Hoyt*, April 13, 1854, it was held at Special Term, Superior Court, with the approval of all the judges, that the analogy of the 220th section respecting injunctions should prevail. The phraseology there was nearly identical with that used in the 181st section and the weight of authority was in favor of the proposition that a complaint sworn to is equivalent to an affidavit. See 6 Howard, 210."

2. The legislature of 1866, in appointing a commissioner to prepare and report to a subsequent session for its adoption a civil practice act, provided in the act that "the groundwork of said act shall be the code of civil procedure now in force in the State of New York, and the civil practice act of California." (Stats. 1866, p. 158.) Hence we think these early New York authorities, which do not appear to have been overruled by later decisions, are especially in point in construing similar provisions in our own statute.

This, we think, disposes of the contention of counsel for petitioner that the affidavit is fatally defective in that it does not state a cause of action, particularly because it does not allege that the plaintiffs were copartners.

3. We need not, we think, enter into a consideration of the question as to whether the affidavit, of itself, states facts sufficient to justify the order. When a motion is made to vacate the order, supported by affidavits, and

counter affidavits are filed, and a hearing is had upon such affidavits and the testimony of witnesses, the defendant is not entitled to be discharged if the showing upon the hearing justified his being held, even though the original *ex parte* showing was insufficient. It has been held, and we think with reason, that a defendant arrested in a civil action may move for a discharge on the grounds that the affidavit or affidavits upon which the order was made are insufficient, and if he takes that course alone, and the affidavits are insufficient, he is entitled to be discharged, but if he joins with such grounds of motion the further ground that the actual facts do not justify arrest, and supports the latter ground by affidavits, the plaintiff may make a counter showing, and the order of the court in granting or denying the motion is based upon the entire showing made at the hearing of the motion. This would seem to be the only conclusion properly deducible from the provisions of our statute.

In *Ziporkes* v. *Chmelniker*, 15 N. Y. St. Rep. 215, the court said: "The claim that the order of arrest and attachment should have been set aside upon the papers upon which granted is not well taken, because the papers were sufficient in the first instance; and, even if they were not, affidavits being served with the order to show cause, the plaintiff had the right to read additional affidavits in support of the process."

In *Knickerbocker Life Ins. Co.* v. *Ecclesine*, 42 How. Prac. (N. Y.) 201, the court said: "A judge upon granting an order of arrest is only bound to see that the plaintiff presents a *prima facie* case, and if at the same time the plaintiff tenders a sufficient undertaking * * * an order of arrest under our present system of practice is often granted as a matter of course. In such case, the judge granting the order hears only one side; the plaintiff's statements may be highly colored and strained; different conclusions may be drawn from them; the judge applied to, being pressed with other business, has not the time to examine them very minutely, but grants the

order in the expectation that, if the defendant is able to overcome or explain the case as made by the plaintiff, he will not neglect to do so, and set himself right before the court, either upon the plaintiff's own papers, or upon new affidavits, prepared on behalf of the defendant."

In the case of *Harriss* v. *Sneeden*, 101 N. C. 273, 7 S. E. 801, the court said: "The defendant may, at any time before judgment, move to vacate the order of arrest upon the ground that it was irregularly granted, or that the evidence and the facts found were insufficient to justify it. In such case the plaintiff cannot be allowed to offer additional evidence to support his motion improperly granted. (The Code, sec. 317; *Bear* v. *Cohen*, 65 N. C. 511; *Devries* v. *Summit*, 86 N. C. 126.) But the defendant may also support his motion by producing counter affidavits and other appropriate evidence to prove that the plaintiff's motion for the order of arrest was not well or sufficiently founded. In this case the plaintiff may produce additional affidavits and other pertinent evidence to cure defects and strengthen his case. (*Clark* v. *Clark*, 64 N. C. 150; *Devries* v. *Summit, supra.*) The court, having the order of arrest and the motion to vacate it before it, will determine whether or not for any cause the order was improvidently granted, and, if need be, finding the facts from the whole evidence and considering and applying the same, it will direct that the order remain undisturbed; that it be modified in some particular, or vacated, accordingly as it may be of opinion, one way or the other."

"A motion to vacate the order of arrest should be allowed, if, upon all the facts found and the law arising thereon, the court should be satisfied that the order ought to be vacated. But when the order was properly granted, as the facts at first appeared, a mere denial by the defendant of the plaintiff's allegation sufficiently made would not be sufficient to prompt the court to allow a motion to vacate the order. Nor ordinarily would the admission of the material facts upon which the order was granted, and facts made to appear in avoidance of the case made by the plaintiff, be sufficient, unless such facts in avoidance should have such point and weight as

to satisfy the court that the plaintiff's grounds for the order of arrest were not well founded. The order regularly and properly granted—that is, granted upon sufficient proof to warrant it upon the application—should not be vacated, but upon convincing proof that it should be. (*Hale* v. *Richardson*, 89 N. C. 62; 1 Whit. Prac. 4th ed. 421, 422; 3 Estee's Pleading, sec. 401, 41, *et seq.;* 1 Gray's N. Y. Prac. 91, *et seq.*)"

As the legality of the petitioner's detention by the respondent, sheriff, resolves itself into the question of the sufficiency of the showing made upon the motion to vacate, it would be sufficient to say that all the evidence before the court below is not before us in this proceeding.

Taking the affidavits alone which were filed by the respective parties, and which are embodied in the return, and we think we would not be justified in ordering the petitioner's discharge. We may concede, for the purposes of this case, that had defendants not filed counter affidavits, the court may have been justified in releasing petitioner from arrest. Defendant in his affidavit alleged facts which if true might be a defense to the action, a question upon which we express no opinion, and which would negative any intent to leave the state for the purpose of defrauding creditors. But the defendant's affidavit is negatived by the counter affidavit of the plaintiffs in the action; besides, they have filed the affidavits of a number of other parties upon the disputed questions of fact. Defendant avers that he had no intention of leaving the state with intent to defraud creditors, but he does not say that he did not intend to leave the state. The affidavits of plaintiffs and other parties in their behalf were to the effect that the defendant had actually been paid by plaintiffs the money upon the checks upon the Fresno (Cal.) bank, upon which payment had been stopped by defendant. If the affidavits upon the part of plaintiffs were true, and we must presume them to be upon this hearing, then we have the fact of defendant receiving from plaintiffs several hundred dollars on his checks, subsequently his stopping payment at the bank, repudiating his indebtedness and

announcing his intention to leave the state. In addition to this it is shown without contradiction that after he had stopped payment on his checks, but before plaintiffs were informed thereof, he borrowed $50 additional from plaintiffs for which he gave no check.

The facts may be as counsel for petitioner asserts; that defendant has been grossly wronged by plaintiffs; that they took advantage of his intoxicated condition to induce him to indorse checks and deliver the same to them under circumstances which virtually was a fraud upon the defendant; that he was justified in stopping payment upon the checks; and that plaintiffs have imposed another great wrong upon defendant by causing his arrest and detention, but were not warranted in this proceeding in adopting counsel's version of the merits of the case.

We cannot say from the return to the writ that the defendant is now being held under commitment improvidently issued, and the proceedings therefore must be dismissed.

It is so ordered.