## HILL v. WARD.

1. In an action for slandering the title of another's property, the slanderous words must be set out in the declaration. Where the injury was alledged to consist, in asserting title to a slave, sold under execution as the property of the plaintiff, it was necessary to alledge what the defendant said, what title he set up, and that the words were spoken in the hearing of the bidders.

2. The defendant in such an action, to rebut the presumption of malice, may prove, that upon a fair representation of his claim, he was advised by

a lawyer to forbid the sale of the slave, to render his claim under a mortgage of the slave effectual.

3. Although the title which the defendant asserted was invalid, if asserted in good faith, without malice, no recovery can be had against him.

Error from County Court of Perry.

ACTION on the case by Hill against Ward, for slandering the title of the plaintiff to a certain slave, sold by the sheriff of Perry county, at a public sale under executions against plaintiff, at a great sacrifice, as it is alledged, in consequence of defendant's wanton, false and malicious forbidding the sale, and assertion of a pretended title. Plea, not guilty— verdict and judgment for defendant. The facts more fully appear in the opinion.

GARROTT, for plaintiff in error.

A. B. MOORE, contra.

CHILTON, J.—As the demurrer to the two first counts in the declaration was sustained, it becomes necessary to examine them as to their legal sufficiency. In the first count, it is averred, that on the third day of March, 1845, the plaintiff offered for sale at Marion, Perry county, to the highest bidder, a negro slave named Lindy, the property of the plaintiff, when and where, and without probable cause therefor, but wantonly and maliciously contriving and intending to injure the plaintiff, by interrupting the fair and open sale of said slave, the said defendant did publicly forbid the sale of the said negro slave, under a pretended title to the same, whereby the real value of the slave was greatly depreciated, persons being deterred from bidding by the unjustifiable interference of the said defendant, and the said negro woman in consequence thereof, was bid off at a price greatly below the real value thereof, and below that which the plaintiff could otherwise have obtained for her, had the defendant not thus maliciously forbidden the sale, to the damage of the plaintiff five hundred dollars. The second count avers, " that on the day aforesaid, the sheriff of Perry county, by virtue of exe-

cutions against the plaintiff, in favor of one William D. Stewart, as well as others, levied on said slave, and publicly exposed her to sale at auction, to the highest bidder, for cash, as the property of the said plaintiff, to satisfy said *fi. fa's*, when and where the defendant, without probable, or justifiable cause, but wantonly, *&c.* publicly forbid the sale of said negro slave, under a pretended claim of title to the same, whereby, persons being deterred from bidding, she was knocked off at a price greatly below her real value, and below what she would otherwise have brought, but for such interference, to plaintiff's damage," &c.

A declaration must alledge all the circumstances essential in law to the support of the action, and these circumstances must be stated with such precision, certainty and clearness, that the defendant may know what he is called upon to answer, and be able to plead a direct and unequivocal plea. In actions for slander, both as it respects the reputation of a party, or his title to property, the slanderous words should be set out in the declaration. 1 Chit. Pl. 404; Yundt v. Yundt, 12 Sergt. & R. 427. The pleader in this case, aware of the rule, has framed the other counts of his declaration in strict conformity to the law. We are clearly of opinion, the two counts above mentioned are bad on general demurrer. See forms, 8 Wentworth's Pl. 299; 2 Chitty's Pl. 641. It is not averred in these counts what the defendant said—nor what title he set up; nor is it stated that the words were spoken in the presence or hearing of the bidders. Conceding that a party is liable for any false and malicious words spoken to the prejudice of another, if special damage ensue, the allegations contained in these counts, in our opinion, do not bring them within this rule. See 4 Ala. R. 18; Starkie on Slander, 204-5.

There was no error in permitting the defendant, in order to rebut any presumption of malice, to show that he was advised by an attorney at law, to forbid the sale of the slave. The facts show, the slave was sold under execution against the plaintiff, and was seized by the sheriff, while in defendant's possession, by virtue of a mortgage made by the plaintiff to the defendant. On the morning before the sale, the defendant obtained the advice of counsel as to the course for

him to pursue, and was instructed to forbid the selling of the slave, so as to render his mortgage deed effectual. The admissibility of such testimony, with the qualifications under which it is to be received, is laid down in the case of Chandler v. McPherson, 11 Ala. Rep. 916, and cases there cited. It was held, and we think correctly, that malice must be shown, or implied from the circumstances, in order to entitle the plaintiff in such actions to recover. Starkie on Sl. 205. The circumstances of the defendant's title and interest, may rebut the implication of malice, and the fact that he was advised by counsel, learned in the law, upon a fair representation of his claim, that it was necessary for his protection to forbid the sale, is proper for the jury, in determining whether the interference of the defendant was wanton, or was called for by a desire to protect what he was advised was his rights. Star. Sl. 203.

It follows from what we have said, that there was no error in the charge of the court "that unless they should believe that the defendant was actuated by malice in forbidding the sale, and that the words used by him in regard to his claim to said slave were false, they must find for the defendant. It is sufficient if the defendant have a *bona fide* claim, or color of title, which he asserts in good faith. His title need not be paramount to that which the plaintiff claims; for if an action should lie, when the defendant claims *bona fide* an interest, how can any one make claim or title, or begin any suit, or seek advice and counsel, without subjecting himself to an action.

The question of malice was properly referred to the jury by the court, and they, by their verdict, have found the defendant asserted his claim in good faith, and as we are satisfied that malice is a necessary ingredient to entitle the plaintiff to recover, the court did not err in refusing the charges asked, which assume that a recovery may be had by reason of the invalidity of the defendant's title, in the absence of malice.

Let the judgment be affirmed.