# 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

## MOORE v. ROLIN.

### June 16th, 1892.

1. MECHANIC'S LIEN—*Premature filing—Damages.*—A sub-contractor files·
a mechanic's lien before completion of the work, contrary to Code,.
§ 2476.

HELD:
    He is liable to an action for damages for injury thereby done the
    contractor.

2. IDEM—*Declaration—Special damages.*—In such action the declaration
should charge some special damage to plaintiff, as the language of·
the alleged lien does not necessarily import injurious defamation ;.
but it is not necessary to give the name of any one whose custom
has been lost to the plaintiff, nor to state that the alleged lien has
been ended by limitation or decree.

3. REVIEW OF CASES.—*Young* v. *Gregorie*, 3 Call. 446, distinguished from·
case at bar.

Argued at Richmond. Decided at Wytheville. Error to·
judgment of circuit court of city of Richmond in an action
for libel in prematurely filing a mechanic's lien, wherein
Moore was plaintiff and Rolin defendant. Court below sustained demurrer to declaration, and plaintiff appealed..
Opinion states the case.

*Courtney & Patterson*, for plaintiff in error.

*L. O. Wendenburg*, for defendant in error.

LEWIS, P., delivered the opinion of the court.

The declaration states, in substance, that the plaintiff, who·
is the plaintiff in error here, was, in the fall of the year 1890,.

a carpenter and builder, of good name, fame, and credit; that about that time he was employed by the Virginia Land and Loan Company to build certain houses in the city of Richmond; that in the execution of this contract the plaintiff employed the defendant, as a sub-contractor, to do the brick-work, at a certain price, to be paid at a certain time; that before the work was done, and before anything was due by the plaintiff to the defendant, the latter maliciously, and without probable cause, intending to injure the plaintiff in his business, placed upon record in the clerk's office of the chancery court of the city of Richmond. a mechanic's lien against the property of the Land and Loan Company, for the improvement of which the plaintiff had contracted as aforesaid; that the defendant also notified the company not to pay anything to the plaintiff on account of the said improvement, without the defendant's direction or approval. The meaning of all which, it is averred, was to charge publicly that the plaintiff was either unwilling, because dishonest, or unable, because insolvent, to pay whatever was justly due by him to the defendant on account of said work.

It is also averred that in consequence of the said wrongful acts of the defendant, the Land and Loan Company did, for a long time, and against the consent of the plaintiff, retain the price of said improvement, notwithstanding a large sum was due the plaintiff on account thereof, during all which time the plaintiff was deprived of the use of the money so due him as aforesaid, to the great injury of his name and credit, involving loss of customers in his business, &c.

There was a demurrer to the declaration, which was sustained by the judgment complained of; and the question thus presented is the single question to be determined.

That the lien was prematurely filed by the defendant is clear. The lien in favor of a sub-contractor in such cases is given by section 2475 of the Code, and by section 2477 it is

provided that any sub-contractor, in order to perfect the lien so given him, shall comply with the provisions of section 2476. He must also give notice in writing to the owner of the property, or his agent, of the amount and character of his claim.

It is essential, therefore, to the validity of the lien that it be perfected according to the provisions of section 2476, and that section reads as follows :

" A general contractor, in order to perfect the lien given him by the preceding section, shall, at any time after the work done, or materials furnished by him, and before the expiration of thirty days from the time such building or structure is completed, or the work thereon otherwise terminated, file in the clerk's office of the county or corporation court of each county or corporation in which the building or structure, or any part thereof, is, or in the clerk's office of the chancery court of the city of Richmond, if the said building or structure is within the corporate limits of the said city, an account showing the amount and character of the work done or materials furnished, the prices charged therefor, the payments made, if any, and the balance due, verified by the oath of the claimant or his agent, with a statement attached declaring his intention to claim the benefit of said lien, and giving a brief description of the property on which he claims the lien."

It is also provided that such account and statement shall be recorded by the clerk in a book to be kept for the purpose, called the " Mechanic's Lien Record," and that from the time of such filing all persons shall be deemed to have notice thereof.

It is apparent from the language of this section that no lien can be perfected, in a case like the present, before the work for which the sub-contractor engages is done— *i. e.*, before his contract is completed. The statutes of the several states on this subject are not uniform. In

some of the states a lien is given from the commencement of the work; in others, from the time notice of an intention to claim a lien is filed in the proper office; while in others, as in Virginia, no lien can be perfected until the work is done. It is conceded by the defendant that this was the law in Virginia before the enactment of the new Code, and if the legislature had intended to change it—that is, to give a right to claim a lien or liens for fragments of the work, as it progresses—such intention would no doubt have been expressed in clear and unmistakable terms. *Trustees Franklin-Street Church* v. *Davis*, 85 Va. 193.

This view is strengthened by the provisions of section 2479 of the Code, which, as a protection to the sub-contractor, gives him the right to notify the owner or his agent, in writing, before the work is performed, stating the probable value thereof, and which also makes the owner *personally* liable, if, after the work has been performed, and within thirty days after the completion of the building or structure, a correct account, &c., is furnished, as prescribed by that section; the owner, however, not to be so liable in a sum exceeding the amount of his indebtedness to the general contractor at the time notice is given.

In the present case, therefore, not only was the lien in question filed and recorded without authority of law, but the declaration avers, and the demurrer consequently admits, that the defendant recorded it maliciously, without probable cause, and with intent to injure the plaintiff in his business; and both general and special damage are alleged in the declaration.

There is no principle, then, upon which the demurrer can be sustained. It is a settled rule of the common law that every publication of language which naturally and necessarily tends to injure another in his office, trade, or employment is, if without justification, libellous or slanderous, as the case may be, and actionable *per se.* Thus, to speak or write of a

trader that he is insolvent, or of an inn-keeper that his house is infected with a contagious disease, or to impute dishonesty or incapacity to one in his business, is actionable, without any averment or proof of special damage, since in all such cases the law implies damage from the nature of the language used. Odgers, Lib. and S. 30 ; 2 Rob. (new) Pr. 613 ; *Whittaker* v. *Bradley*, 16 Eng. C. L. 310 ; *Newbold* v. *Bradstreet*, 57 Md. 38 ; *Pollard* v. *Lyon*, 91 U. S. 225 ; *Price* v. *Conway*, 134 Pa. St. 340 ; *Haney Manf'g Co.* v. *Perkins*, 78 Mich. 1 ; *Orr* v. *Skofield*, 56 Me. 483.

When, however, the language does not import such defamation as will of course be injurious, and is therefore actionable only because it occasions special damage to the plaintiff—*i. e.*, damage which, though the natural and immediate, is yet not the necessary result of the language used, there the damage must be both alleged and proved. 2 Greenl. Ev., sec. 420 ; 4 Min. Insts. 381 ; Townsh., Sland. & L., sec. 146, *et seq.*

In the present case it would, no doubt, be going too far to say that the wrong complained of falls within the first of these rules—that is to say, that, in contemplation of law, damage necessarily results to the plaintiff in such a case. In other words, the filing of a mechanic's lien by a sub-contractor for an alleged indebtedness to him by the general contractor cannot be taken, *as a matter of law*, as imputing insolvency or dishonesty to the general contractor, nor as necessarily tending to injure him in his business. *Newbold* v. *Bradstreet*, 57 Md. 38.

The declaration, however, alleges special damage, resulting from the tying-up in the owner's hands of the money due the plaintiff, and the consequent loss of credit and customers, though the names of such customers are not specified in the declaration. The rule, however, that in an action for slander or libel, by which the plaintiff has lost his customers, he can-

not give in evidence the loss of any whose names are not specified in the declaration, is not inconsistent with the admission of evidence of general loss.    2 Stark., Sland. 63 ; *Evans* v. *Harvies*, 38 Eng. Law & Eq. 347.

It has· been argued in support of the demurrer that the declaration is bad, because it does not aver that the asserted lien has been ended in favor of the plaintiff, either by the limitation prescribed by the Code, or by a decree of the chancery court.  But this was not necessary.  The want of analogy between the present case and *Young* v. *Gregorie*, 3 Call 446, and other similar cases, holding that, in an action for malicious prosecution in suing out an attachment without cause, the declaration must aver that the attachment has been ended, is obvious.

The case much more nearly resembles that of *Grainger* v. *Hill*, 33 Eng. C. L. 328, in which case it was ruled that in an action for abusing the process of the court, in order to effect an object not within the scope of the writ, as to compel the defendant illegally to give up his property, it is not necessary to aver and prove that the action in which the process was improperly employed has been determined, or that the process was sued out without probable cause.

The judgment must, therefore, be reversed, the demurrer overruled,·and the case remanded for further proceedings.

JUDGMENT REVERSED.