# Coffman *v.* Henderson.

## *Slander of Title.*

(Decided November 11, 1913. Rehearing denied December 9, 1913. 63 South. 808.)

1. *Libel and Slander; Slander of Title.*—An action for damages for filing or causing to be filed a notice of lien upon land and a refusal to cancel same is in the nature of a suit for damages for the slander of title, and is governed by the rules applicable to such actions.

2. *Same; False Statement.*—An action for slander of title cannot be maintained unless the statement disparaging the ostensible owner's title is both false and malicious; hence, the filing of a mechanics' lien upon a false claim does not give rise to a cause of action unless the filing of the lien notice was malicious.

3. *Same; Malice.*—The mere assertion of a lien on plaintiff's land to which defendant was not really entitled is not sufficient to show a malicious assertion of a false claim; the claim not being maliciously put forward where the defendant had probable cause for believing that it was valid, and the fact that defendant did not have probable cause for believing it valid will not in itself establish his malice.

4. *Same; Cause of Action.*—Where a defendant in good faith filed a lien declaration which is false, his failure to remove the lien upon demand and notice will not give rise to a cause of action unless malicious, for if his positive act in filing his declaration was not actionable because not malicious, his refusal to remove the declaration would not be actionable.

5. *Same; Complaint.*—The complaint alleging that defendant filed a declaration of lien when he had no lien on plaintiff's property, plaintiff being in no wise indebted to defendant, and that defendant refused to cancel the notice after being requested, to plaintiff's damage, does not state a cause of action for slander of title in that it fails to allege that the declaration of lien was maliciously filed; the allegations that plaintiff was not indebted to defendant only going to show that the claim of lien was false, as a debt is a prerequisite to a lien.

6. *Mechanics' Lien; Invalid; Refusal to Cancel; Statute.*—The provisions of section 4898, Code 1907, have no application to suits for damages for refusing to cancel a mechanics' lien notice which

was invalid because the owner was never indebted to the claimant of the lien. The statute provides a penalty for the wrongful refusal to cancel a once valid mortgage after payment, and is not broad enough to include mechanics' liens and proceedings thereon where the lien was never valid.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROWE.

Action by Mrs. Tippie Coffman against T. M. Henderson for damages for placing cloud upon title. Judgment for defendant on demurrer, and plaintiff appeals. Affirmed.

The following is the complaint:

"Count 3. Plaintiff claims of defendant the further sum of $100, with interest thereon, for that on, to wit, the 3d day of May, 1911, defendant filed or caused to be filed in the office of the probate judge of Jefferson county, Ala., a certain notice or declaration of lien in substance as follows: "State of Alabama, Jefferson County. Personally appeared before me Rosa Michler, a notary public in and for said state and county, T. M. Henderson, who being first duly sworn says as follows: (1) That Mrs. Tippie Coffman is the owner of the property hereinafter described, and upon which affiant claims a lien. (2) Said property being described as follows: Lot 15, on Charles street, according to map of C. J. Plosser's survey as recorded in map book 4, p. 95, in the office of the probate judge of Jefferson county, and also lots 24, 25, 26, 27, and 28, in block 10, Kenilwood, situated in the suburb of West End, Birmingham. (3) Said lien is claimed for work and labor done by affiant upon the building upon said lot, and that, after allowing all just credits, there is due affiant the balance of $84.50, which sum is a just and true account of the amount claimed, an itemized statement of which is hereto attached, marked Exhibit A, and made a part of this affidavit. T. M. Henderson. Sworn to and subscribed before me

[Coffman v. Henderson.]

this the 3d day of May, 1911. Rosa Michler, N. P.'
Plaintiff avers that, at the time said notice or declaration of lien was filed, said T. M. Henderson had no lien
on the above-described property; that she was not in
any wise indebted to said T. M. Henderson; that said
T. M. Henderson failed or refused to cancel said notice
or declaration or remove the same from record after being notified to do so, and as a proximate consequence
plaintiff avers that the title to the above-described property was damaged for a long time; that she was prevented from making profitable disposition of the same
and was made to lose the valuable profits on the sale of
said property, which she had an opportunity to make,
and was put to great trouble, expense, annoyance, and
inconvenience in and about having said notice or declaration removed; and that said property was rendered
less marketable, all to the damage of plaintiff as aforesaid, in the sum of $100."

Count 4 is the same as count 3, and adds the following: "Plaintiff further avers that she suffered said
wrongs and damages complained of as a direct and
proximate consequence of the wrongful and malicious
maintenance of said cloud on the title to said property
of plaintiff by defendant, wherefore she sues. The demurrers raise the proposition that the counts contain
no cause of action because they fail to aver that defendant maliciously filed said lien or notice, or that he
wrongfully filed said lien or notice, or that he falsely
filed said lien or notice, and that the damages are too
remote."

HORACE C. WILKINSON, for appellant. The first two
grounds of demurrer were to the third and fourth
counts, and were speaking demurrers, and hence, improperly sustained.—*Mobile E. Co. v. Sanges,* 53 South.

176; *Ryall v. Allen,* 143 Ala. 222; *Wikley v. Johnson,* 132 Ala. 268; Sec. 5340, Code 1907. The allegation is for a failure wrongfully to cancel the notice of record after being requested to do so, and was sufficient in allegation to render the count immune against the demurrers filed. If the damages claimed were too remote, they may be reached by motion to strike or by objection to the evidence, but not by demurrer.—*Kinnon v. W. U. T. Co.,* 92 Ala. 399; *L. & N. v. Hines,* 121 Ala. 234. It was not necessary to aver a want of probable cause.—*Ivey v. Pioneer S., & L. Co.,* 113 Ala. 349. On demurrer under the facts averred, the conduct would be conclusively presumed to be malicious.—*Phillips v. Bradshaw,* 52 South. 662. The right to file did not give defendant the right to knowingly maintain a false lien on the court record.—55 L. R. A. 258; 72 Ill. App. 353.

McQueen & Ellis, for appellee. The action is for slander of title and is governed by the provisions of section 2459, Code 1907, which provides that the words must be falsely and maliciously uttered. There must be strict conformity to statutory remedy.—*Ex parte Buckley,* 53 Ala. 42. Not only must the complaint allege that the lien was falsely and maliciously filed, but that the filing was without probable cause.—*Hill v. Ward,* 13 Ala. 310; *Moore v. Robin*, 16 L. R. A. 626; Stark on Slander & Libel, 202, et seq.; Newell on Slander, 204. The filing of a lien and not the maintenance of it is the gist of the action.—25 Cyc. 559, and authorities supra; 32 Cent. Dig. sec. 390; 14 La. 48; 5 Kan. 44.

THOMAS, J.—The reporter will set out counts Nos. 3 and 4 of the complaint, which fully state plaintiff's (appellant's )alleged cause of action; all other counts having been withdrawn. A demurrer was interposed,

separately and severally, to each of these counts (3 and 4), upon the sustaining of which by the court the plaintiff declined to plead further and brings this appeal solely for a review of the questions raised, by the demurrer.

We are of opinion, without considering the others (which becomes entirely unnecessary), that one ground of the demurrer at least was well taken. It raises the point that the complaint fails to allege that the notice or statement of the claim of a mechanic's lien, alleged to have been filed by defendant in the probate office of Jefferson county against plaintiff's property, was maliciously so filed.

The damages so claimed, as will be observed from reading the complaint set out in the report of the case, are such as are alleged to have resulted from a disparagement by defendant of plaintiff's title to certain real estate by filing and recording said claim of a lien against it; and the action falls, of course, within the class denominated in the law as "slander of title," which is defined to be "a false and malicious statement, oral or written, made in disparagement of a person's title to real or personal property, or of some right of his, causing him special damage."—25 Am. & Eng. Ency. Law, 1074. The false statement may consist of an assertion either that the plaintiff has no title to the property of which he is the ostensible owner, or that his title is defective, or that, as here, the defendant has himself an interest in or lien upon the property.—*Moore v. Rolin,* 89 Va. 107, 15 S. E. 520, 16 L. R. A. 625; Ency. supra. Whatever be the statement, however, in order for it to form the basis of a right of action it must have been made, not only. falsely, but maliciously. These elements are the very gist of the action, without both of which it does not exist.—25 Am. & Eng. Ency. Law (2d Ed.) 1078, 1079; 13 Ency. Pl. & Pr. 97; *Hill v. Ward,*

13 Ala. 310; *Ivcy v. Pioneer Savings & Loan Co.*, 113 Ala. 349, 21 South. 531; *Moore v. Rolin, supra;* Code, § 2459.

The allegation of the complaint to the effect that, at the time the defendant filed and had recorded in the probate office of Jefferson county the said verified statement claiming the said mechanic's lien on plaintiff's property, the plaintiff was in no wise indebted to the defendant is perhaps equivalent to an allegation that the defendant's claim was false, since, of course, a debt owing from plaintiff to defendant for work and labor done upon the property or material, etc., furnished for its improvement, or the like, was essential to the creation of such a lien in defendant's favor.—Code, § 4754 et seq. But although false, yet if the claim was asserted by the defendant in good faith, an action will not lie against him for damages; otherwise every failure to maintain a title or lien claimed to or upon property, or every error of judgment or mistake made in the assertion of such claim, or suit brought to enforce it, however honestly and sincerely done, would subject a party to suit and mulct him in damages.—*Hill v. Ward, supra.* In this class of matters, the extent of the penalty which the law inflicts upon an unsuccessful, honest disputant is to award costs to the opposing party, and that only when the controversy between them has proceeded to the point of and resulted in litigation. While malice, of course, cannot exist in legal contemplation unless the statement or claim was in fact false or untrue, yet, in order to constitute malice, it is seen that something more must be alleged and shown than the mere falsity of the statement or claim. Even though false, if the defendant had probable cause for believing his statement, there can in law be no malice; and, though the fact that there was a want of probable cause for believing the statement is evidence of malice, it is not conclu-

sive of its existence, nor its legal equivalent.—*Lunsford v. Dietrich*, 93 Ala. 568, 569, 9 South. 308, 30 Am. St. Rep. 79; *Ivey v. Pioneer Savings Bank*, 113 Ala. 349, 21 South. 531; 25 Am. & Eng. Enc. Law, 1079. There is an entire absence in the complaint of any allegation of malice, and the demurrer was properly sustained.

The contention of appellant's counsel in this matter is best stated in his own words, found in his brief, to wit: "The court will notice that this is not an action for damages for any filing of the notice of lien, regardless of whether the filing was wrongful or not. The complaint clearly states that the said T. M. Henderson [defendant] failed or refused to cancel said notice or declaration, or to remove the same from record, after being notified to do so, and, as a proximate consequence, the damage is averred. It is not the filing of the notice we complain of but of the failure, wrongful failure, to cancel the notice of record after being notified to do so, when the complaint shows it was the duty of the defendant to have done so. * * * The complaint shows a duty owed by defendant to plaintiff, viz., the duty to remove the notice or cancel the same of record, because, as averred in the complaint, there was no indebtedness existing between the parties at the time the claim was filed, nothing on which to base the supposed lien, and because defendant had been notified to remove or cancel the same. * * * (2) The breach of that duty is shown by the averment that the defendant failed to perform such duty after being notified to remove or cancel the notice. * * * (3) The damages are averred to have been sustained as a proximate consequence of defendant's failure to perform the duty. * * * Why, then, is the plaintiff required to aver that the notice [claim of lien] was maliciously * * * filed?" The answer is: Because the law denies a right of action unless the claim of the lien was maliciously

filed. Looking at the substance, and not the form, of the allegations in the complaint, the source of the damages claimed was the filing of the claim or declaration for record by which act the defendant claimed a lien on the property in disparagement of plaintiff's title, rendering it unmarketable. If the positive act of the defendant in filing and having recorded such false claim (if that it was) of a mechanic's lien on plaintiff's property is not actionable (and it is not, unless it was maliciously done), then certainly his negative act in failing to cancel of record of such claim or declaration would not be actionable. If there was no legal wrong in putting such claim on record (and there was not unless it was maliciously done) there could, in the nature of things, in the absence of a statute, be no legal duty to remove it from or cancel it on the record. It cannot on principle be legally wrong to fail or refuse to undo something which one has rightfully or lawfully done; conditions remaining unchanged. This seems to us to be the plain logic of the case.

It is true we have a statute (Code, § 4898) creating a right of action, unknown to the common law, and providing a penalty of $200 in favor of mortgagors, etc., and against mortgagees, etc., for a failure after demand made, to enter on the margin of the record of a mortgage which has been paid the fact of its satisfaction; but the theory and principle upon which the statute proceeds is that, although the mortgage was rightfully placed on record in the first instance, it becomes wrong to suffer it to remain thereon uncanceled, after demand for its cancellation, when, by reason of events subsequent to its recording (that is, its payment), it has been satisfied. This statute of course, is not so extensive as to apply against mechanics' lienholders who have placed a claim on record; but, even if it did, it would not cover the case here sought to be made, since the contention is

not that it was a valid lien when placed on record and should have been canceled on demand because subsequently paid, but that it was a false claim and had no existence in fact for the want of a debt owing from plaintiff to defendant to support it. . Clearly plaintiff has no cause of action except for slander of title, and this, as seen, does not exist in the absence of malice. Appellant cites us to no case sustaining the contrary; the case he cites (*Moore v. Rolin,* 89 Va. 107, 15 S. E. 520, 16 L. R. A. 626) being in harmony with the principles we have reached.

Affirmed.

