# JOHN R. KELLY v. THE FIRST STATE BANK OF ROTHSAY AND ANOTHER.[1]

April 16, 1920.

No. 21,628.

**Slander of title — record of instrument may or may not be malicious.**

1. The utterance of false and malicious statements, disparaging the title to property in which one has an interest, if the statements are untrue and cause damage, constitutes slander of title. Maliciously filing for record an instrument known to be inoperative, is a false and malicious statement within the rule, but, where a man does no more than file for record an instrument which he has a right to file, he commits no wrong.

**Good faith of defendant.**

2. Defendant advanced $1,500 to Jass on a second mortgage on land. The mortgage was fully executed by Jass and delivered to the bank. His wife was to call later and execute it. While it was held for that purpose, Jass and wife conveyed to plaintiff by deed which was recorded. Jass told defendant that plaintiff was advised of defendant's mortgage. Defendant thereupon recorded its mortgage and thereby, plaintiff claims, caused him damage. If defendant had lost its mortgage lien, then the question whether the recording of the mortgage was a wrong, depended on the question whether the act was done in good faith. There is no evidence of bad faith. Defendant was within its rights in placing its second mortgage on record.

Action in the district court for Wilkin county to recover $6,000 for slander of title. The case was tried before Flaherty, J., who when plaintiff rested denied defendants' motion to dismiss the action, and at the close of the testimony denied plaintiff's motion for a directed verdict and granted defendants' motion for a directed verdict. From an order denying his motion to set aside the verdict and for a new trial, plaintiff appealed. Affirmed.

*George D. Smith* and *W. S. Lauder,* for appellant.

*Lewis E. Jones,* for respondents.

[1]Reported in 177 N. W. 347.

HALLAM, J.

In November, 1917, Herman Jass owned a farm in Wilkin county subject to two mortgages. Jass borrowed $1,500 from defendant bank to take up the second mortgage, and it was used for that purpose. To evidence the loan, he gave the bank his note for the amount, and, to secure it, signed and acknowledged a mortgage upon the land. Jass was married, but his wife was ill in Iowa. It was agreed that she would later call at the bank and execute the mortgage. In the meantime the mortgage was not recorded. In this situation Jass conveyed the land to plaintiff by warranty deed subject only to the "recorded mortgage thereon." This deed was recorded March 8. On March 14 plaintiff notified defendant Peterson, president of the bank, by telephone, of the conveyance to him. Peterson at once called on both Jass and plaintiff. Jass told him he had told plaintiff about the bank's mortgage and that plaintiff was to take care of it. Plaintiff, on the other hand, insisted that he knew nothing of the mortgage until after he had paid the consideration for the land and recorded his deed. In this situation, Peterson sought the advice of a lawyer, and, on his advice, recorded the bank's mortgage without the signature of Mrs. Jass.

Shortly thereafter plaintiff negotiated a sale of the land at a profit. The purchaser learned of this mortgage, not from the record, but from plaintiff himself, and refused to close the sale.

Thereupon plaintiff brought this action to recover damages for slander of title. The trial court directed a verdict for defendants. Plaintiff appeals.

1. Utterance of false and malicious statements disparaging the title to property in which one has an estate or interest, if the statements are untrue and cause damage, constitutes slander of title. Burkett v. Griffith, 90 Cal. 532, 27 Pac. 527, 13 L.R.A. 707, 25 Am. St. 151; Moore v. Rolin, 89 Va. 107, 15 S. E. 520, 16 L.R.A. 625; 25 Cyc. 558, 559; see Wilson v. Dubois, 35 Minn. 471, 29 N. W. 68, 59 Am. Rep. 335. Filing for record an instrument known to be inoperative is a false statement within the rule, and if done maliciously it is regarded as slander of title. Collins v. Whitehead (C. C.) 34 Fed. 121; Coffman v. Henderson, 9 Ala. App. 553, 63 South. 808; Harriss v. Sneeden, 101 N. C. 273, 7 S. E. 801; May v. Anderson, 14 Ind. App. 251, 42

N. E. 946. It is clear however that, if a man does no more than file for record an instrument which he has a right to file, he commits no wrong. We think such is the case here.

2. We may assume that plaintiff's claim that he had no notice of defendant's mortgage is true, and that Jass' story that he had told plaintiff of it is false. The fact is, defendant bank had advanced $1,500 on the strength of this mortgage. As far as concerned Herman Jass, the mortgage was complete. He had made delivery of it, received the money which it was given to secure. He could not have recalled it. We find no evidence that his wife's signature was to be a condition to its binding force upon him. It was a lien upon his interest, though not upon his wife's. Coles v. Yorks, 31 Minn. 213, 17 N. W. 341; Weitzner v. Thingstad, 55 Minn. 244, 56 N. W. 817. No wrong upon him would have been done had defendant recorded the instrument at any time after he had executed it.

Defendant of course wanted the signature of Mrs. Jass in order that her interest might be bound, and was trustfully holding it for that purpose. While so doing, a palpable fraud was perpetrated upon defendant by some one. Its president knew that either plaintiff or Jass had perpetrated the fraud. Each claimed the other to be guilty. It had a bona fide lien supported by a bona fide consideration, admittedly unpaid, and still of force, unless defeated by the prior record of plaintiff's deed. It stood in danger of losing its security, if it had not already done so. If defendant had lost the lien of its mortgage, then the question whether the recording of it was a wrong, depended on the question whether the act was done in good faith. Odgers, Libel and Slander, pp. 80, 84, 87; Harriss v. Sneeden, 101 N. C. 273, 7 S. E. 801. We find no evidence of bad faith. We think defendant was within its rights in acting on the assurance of Jass that plaintiff had notice of its mortgage. Good faith did not require that it determine the question of veracity between Jass and plaintiff or act at its peril. We think defendant's president acted as the average man of sound business morals would or might have acted under the same circumstances and that his conduct did not render defendant liable.

Order affirmed.