BEATTY, Justice.
This is an appeal from a summary judgment entered in favor of appellees dismissing appellant’s counterclaim and third-party complaints. We reverse and remand.
Appellee Baldwin National Bank (Bank) sued Taylor to collect monies owed the Bank by Taylor on a $40,000 unsecured promissory note that was approximately six months in default. Taylor’s answer denied his indebtedness and included a counterclaim against the Bank and third-party complaints against Bank president Bernard Fogarty and Bank counsel Gary Moore individually.[1] Taylor’s claims al *490 leged slander of title in that an instrument entitled “Lis Pendens Notice,” prepared and filed with the Baldwin County Probate Court by Moore, at the direction of Fogarty and on behalf of the Bank, was filed in order to cloud the title to Taylor’s real estate holdings in Baldwin County and to coerce him into pledging real estate as collateral for his debt to the Bank.
The Bank’s motion for summary judgment on the promissory note indebtedness was granted, and Taylor does not attack that ruling. It is from the court’s summary judgment against Taylor’s claims that this appeal arises.
In support of its judgment, the trial court entered its “Findings of Fact” and “Conclusions of Law.” The entire context of the trial court’s order is set out below because of its complete statement of the pertinent facts involved in the instant dispute, although we find that the trial court erred in reaching the conclusion that summary judgment was proper in this case:
“This matter is presently before the Court on the Plaintiff’s motion for summary judgment on Defendant Lloyd E. Taylor’s counter-claim, on Third-Party Defendant Bernard Fogarty’s motion for summary judgment on Defendant Lloyd E. Taylor’s third-party complaint, and on Third-Party Defendant Gary A. Moore’s motion for summary judgment on Defendant Lloyd E. Taylor’s third-party complaint. The Court, having considered the pleadings filed herein, the motions for summary judgment with attached portions of depositions, the supporting affidavits of Bernard Fogarty and Gary Moore, affidavit of Lloyd E. Taylor opposing the motions, and arguments of counsel and other matters appearing in the record, together with the applicable law, finds as follows:
“1. On January 21, 1982, Defendant Lloyd E. Taylor executed a promissory note to Plaintiff Bank in the principal sum of $40,000.00 which provided for payment of principal and interest with a due date of April 21, 1982. This is the same promissory note on which this Court, by order dated September 9, 1983, granted the Plaintiff a judgment against Lloyd E. Taylor.
“2. It is undisputed that the note came into default on April 21, 1982, and was unpaid. It is also undisputed that several contacts were made by Bank personnel with Mr. Taylor in efforts to have the note paid, but to no avail. Efforts to collect the note continued into October, 1982, when a meeting between Mr. Taylor and Mr. Fogarty, President of the Plaintiff Bank, took place at which Mr. Taylor offered to mortgage property known as his ‘Florida Point Property’ to the Plaintiff Bank as security for the unpaid note and a possible further loan. On deposition Mr. Taylor testified as follows regarding the proffer of the Florida Point Property:
“ ‘Q: That is the Florida Point Property that you offered to Mr. Fogarty as security on this note?
“ ‘A: Right, (page 64)
“ ‘Q: Now the property described in this Exhibit 3, a deed to Sandra Bowman, is some of the property you offered to Mr. Fogarty to secure this note?
“ ‘A: It is the same property, (page 69)
“ ‘Q: You told him (Fogarty) that you would put up the Florida Point Property?
“ ‘A: Right.’ (page 59)
“3. Prior to the meeting with Mr. Fo-garty, Mr. Taylor had listed his interest in the Florida Point Property as having a value of $666,000.00 on a financial statement submitted to the Bank.
“4. Following the early October 1982 meeting with Mr. Fogarty, Mr. Taylor did not come forward with any payment on his note. Nor did Mr. Taylor give the Bank a mortgage on the Florida Point *491 Property or any other security. The Bank instructed its attorney, Third-Party Defendant, Gary Moore, to proceed with a lawsuit to collect the note.
“5. Mr. Taylor also discussed giving a mortgage on the Florida Point Property with Mr. Moore when Mr. Moore contacted Mr. Taylor as a matter of courtesy before filing a suit on the note against Taylor.
“6. On October 15, 1982, Mr. Taylor conveyed his interest in the Florida Point Property to Sandra D. Bowman (the wife of Dwight Bowman, Mr. Taylor’s accountant and business associate) by warranty deed. Both Mr. Bowman and Mr. Taylor testified on deposition that the consideration paid by Mr. or Mrs. Bowman for the Florida Point Property was approximately $350,000.00. Both the agreement to convey the Florida Point Property and the payment of almost all of the $350,000.00 were made within the year before Mr. Taylor’s meetings with Mr. Fogarty and Mr. Moore in October in which Mr. Taylor offered to mortgage the same Florida Point Property to the Bank.
“7. On or about October 29, 1982, Mr. Fogarty and Mr. Moore discovered from the Baldwin County bluebook publication that the Probate records of Baldwin County indicated that Mr. Taylor had conveyed the Florida Point Property to Sandra Bowman. At no time prior to that discovery, did anyone from the Bank or Mr. Moore know that Mr. Taylor would not mortgage the Florida Point Property as security for the note as he had discussed with Mr. Fogarty and Mr. Moore.
“8. In the light of the foregoing facts, the Bank authorized Mr. Moore to proceed with a suit on the note and the lis pendens notice. Mr. Moore prepared and filed the complaint on November 5, 1982, and an instrument entitled ‘Notice of Lis Pendens’ for the purpose of providing notice of the suit on November 9, 1982.
“9. The Bank, upon receiving a certificate of the judgment entered by this Court on September 9, 1983, cancelled the lis pendens notice and recorded the judgment on the note.
“10. In the counterclaim and third-party complaints to which the motions for summary judgment are addressed, Mr. Taylor claims that the Bank, Bernard Fogarty, and Gary A. Moore wrongfully and maliciously filed the notice of lis pendens thereby slandering title to his real property.
“11. The Court, however, finds no evidence that the Bank, Mr. Fogarty, or Mr. Moore, in his capacity as attorney for the Bank, acted with any legal malice in filing the notice of lis pendens and that there is insufficient evidence to support the slander of title claims.

“CONCLUSIONS OF LAW

“1. While it is doubtful that default on the promissory note and the suit thereon gave the Bank the authority to file a notice of action under Title 35, § 35-4-131 [lis pendens statute], the filing of same under the undisputed facts of this case is not actionable. A statement to be the basis of a cause of action under Title 6, § 6-5-211 (Code of Alabama, 1975) (Slander of Title), must be made both falsely and maliciously. A mere assertion of a lien on the Plaintiff’s land to which the Defendant is not really entitled is not sufficient to satisfy the second of these elements. Coffman v. Henderson, 9 Ala.App. 553, 63 So. 808 (1913). The Court in Coffman, supra, stated the applicable law at page 809 as follows:
“ ‘Whatever be the statement, however, in order for it to form the basis of a right of action it must have been made, not only falsely, but maliciously. These elements are the very gist of the action, without both of which it does not exist.’
“See, also, Merchants National Bank of Mobile v. Steiner, 404 So.2d 14 (Ala.1981). The record is devoid of any evi *492 dence of malice on the part of the Bank, Mr. Fogarty, or Mr. Moore.
“2. Rule 56(e), ARCP, provides that once a motion for summary judgment has been made and supported as required by the rule, the motion is to be granted unless the adverse party makes an evi-dentiary or factual showing in opposition that there is a genuine issue of fact for trial. Campbell v. Ala. Power Co., 378 So.2d 718 (Ala.1979), and Day v. Merchants National Bank of Mobile, 431 So.2d 1254 (Ala.1983). The party adverse to a motion for summary judgment may not rest upon the mere allegations or denial of the pleadings. Defendant Taylor’s opposing affidavit fails to present a genuine issue of material fact; therefore, the Bank, Fogarty and Moore are entitled to prevail on their motions for summary judgment as a matter of law. Rule 56(c), ARCP.”
We disagree with the trial judge’s conclusion that there was not even a scintilla of evidence of malice presented in opposition to the defendant’s motion for summary judgment. Moreover, the plaintiff correctly states the general rule adopted by this Court that the issue of malice seems peculiarly inappropriate for disposition by summary judgment, because it involves questions of motive, intent, and subjective feelings and reactions. Fulton v. Advertiser Co., 388 So.2d 533 (Ala.1980), cert. denied, 449 U.S. 1131, 101 S.Ct. 954, 67 L.Ed.2d 119 (1981); Loveless v. Graddick, 295 Ala. 142, 325 So.2d 137 (1975).
The lis pendens statute, Code of 1975, § 35-4-131, provides in pertinent part:
“(a) When any civil action or proceeding shall be brought in any court to enforce any lien upon, right to or interest in, or to recover any land, ... the person, corporation or governmental body commencing such action or proceeding ... shall file with the judge of probate of each county where the land or any part thereof is situated a notice [of lis pendens]_” (Emphasis added.)
It was pursuant to this statute that the defendants filed their notice of lis pendens as to all realty in Baldwin County owned by Taylor.
In Merchants National Bank of Mobile v. Steiner, 404 So.2d 14, 21 (Ala.1981), this Court stated:
“If a bona fide suit is filed on a colorable claim to property, no malice can be inferred from failure of the action. ‘Even though false, if the defendant had probable cause for believing the statement, there can in law be no malice; and, though the fact that there was a want of probable cause for believing the statement is evidence of malice, it is not conclusive of its existence, nor its legal equivalent.’ Coffman v. Henderson, 9 Ala.App. 553, 63 So. 808 (1913)....” (Emphasis added.)
The only property in Baldwin County belonging to Taylor to which the Bank had any sort of colorable claim or probable cause for believing it had a “right to or interest in” was the Florida Point property. Arguably, an oral promise to give a mortgage on realty to secure a prior indebtedness is stretching the term “colorable claim.” Notwithstanding this, the Bank and its agents admit, by their own testimony and arguments in brief, that prior to filing the notice of lis pendens they discovered that Taylor had conveyed away that property, the Florida Point property, which he had promised to mortgage to the Bank as security for his loan. Nevertheless, the Bank proceeded with filing the lis pendens notice despite the fact that it and its agents knew that the Bank had no colorable claim to any other property owned by Taylor in Baldwin County.
Nor does the Bank or its agents argue that the Bank had such a colorable claim to Taylor’s other properties. In fact, the justification the Bank gives for its action is that “the Bank felt deceived and insecure” because Taylor had conveyed the Florida Point property and paid nothing on the note.” This justification, albeit a reasonable basis for the Bank’s filing suit on the note, does not constitute “probable cause for believing” that it had a colorable claim to Taylor’s other property before *493 obtaining a judgment on that note. Nor does the Bank’s fear that Taylor would convey away his other Baldwin County realty before the Bank could levy on it in order to satisfy Taylor’s indebtedness constitute a colorable claim.
Therefore, by their own testimony, the Bank and its agents presented evidence proving that they knew the notice was filed falsely. An inference from this, which a jury may have drawn, is that the Bank, knowing the notice was false, filed it maliciously. Accordingly, there being a “want of probable cause,” Merchants National Bank, supra, there was sufficient evidence presented on the issue of malice, when viewed most favorably in favor of the non-moving party, here Taylor, to make it a question for the jury. Bearing in mind also that the issue of malice is most often inappropriate for summary judgment, summary judgment was improperly granted in this case. Thus, the judgment of the trial court is due to be reversed and the cause remanded for further proceedings.
REVERSED AND REMANDED.
TORBERT, C.J., and FAULKNER, AL-MON and ADAMS, JJ., concur
MADDOX, JONES and EMBRY, JJ., dissent.
SHORES, J., not sitting.

. Appellant designates his complaints against Fogarty and Moore individually as "third-party complaints,” although, under Rule 14, A.R. Civ.P., they are not technically third-party com *490 plaints. In fact, the better procedure would have been to join Fogarty and Moore under Rule 19.