The plaintiff Janice Folmar appeals from a summary judgment entered for the defendant Empire Fire and Marine Insurance Company ("Empire") in a slander-of-title action filed by Folmar on April 30, 2001. We affirm.
Folmar alleges that her husband, Rod Folmar, without her knowledge, executed a mortgage on their home in December 1995 as security for a loan. She says that she did not sign any of the documents in conjunction with the mortgage or the loan. On February 8, 1996, Empire filed with the Probate Court of Shelby County the mortgage and a Form UCC-1 Alabama. In November 2000, Folmar attempted to obtain a home-equity line of credit and discovered there was a lien on the residence. By telephone, Folmar asked Empire to remove the lien, which she said was invalid because the mortgage lacked her signature, but Empire refused. Folmar's application for a home-equity line of credit *Page 809 
was denied because of the existing lien on the house. On February 21, 2001, Folmar again asked Empire to remove the lien, this time in writing. Empire again refused to remove the lien.
Folmar sued Empire alleging slander of title. She alleged that she had suffered damage, including the failure to obtain the home-equity line of credit and mental and emotional distress. On January 18, 2002, Empire moved for a summary judgment on the ground that the action was barred by the statute of limitations or, in the alternative, for a dismissal on the basis that Folmar had failed to state a cause of action. Rule 12(b)(6), Ala.R.Civ.P. The trial court entered a summary judgment for Empire on May 23, 2002, without stating any findings of fact.
Folmar appeals the summary judgment, arguing that the two-year statute of limitations for a slander-of-title action does not bar this claim because, she says, the malice required for a slander-of-title action did not occur until November 2000 when Empire refused to cancel the lien upon Folmar's request. Thus, Folmar does not claim that the filing of the lien was malicious; she claims, rather, that the refusal to remove the lien was the malicious act subjecting Empire to liability.
Section 6-5-211, Ala. Code 1975, provides: "The owner of any estate in lands may commence an action for libelous or slanderous words falsely and maliciously impugning his title." The false and malicious statement "may consist of an assertion either that the plaintiff has no title to the property of which he is the ostensible owner, or that his title is defective, or that, as here, the defendant has himself an interest in or lien upon the property." Coffman v. Henderson, 9 Ala. App. 553, 557,63 So. 808, 809 (1913).
"The elements of a slander of title action are:
 "'(1) Ownership of the property by plaintiff; (2) falsity of the words published; (3) malice of defendant in publishing the false statements; (4) publication to some person other than the owner; (5) the publication must be in disparagement of plaintiff's property or the title thereof; and (6) that special damages were the proximate result of such publication (setting them out in detail).'"
Merchants Nat'l Bank of Mobile v. Steiner, 404 So.2d 14, 21 (Ala. 1981) (quoting Womack v. McDonald, 219 Ala. 75, 76-77, 121 So. 57,59 (1929)).
The major point of dispute between the parties in this case is whether the "statement," i.e., the lien on the residence, was made maliciously. Folmar readily concedes that "[t]here is no evidence . . . that the defendant maliciously or intentionally impugned the plaintiff's title `at the time of filing.' Therefore, it was an innocent filing and or a mistake." Folmar's brief, p. 8. Instead, she contends that the cause of action for slander of title arose when Empire refused to remove the lien on the house, arguing that its refusal to do so was malicious.
However, this argument assumes that the malicious action can take place some time after the false "statement," i.e., the filing of the mortgage, is made. The third element of slander of title, "malice of defendant in publishing the false statements," indicates that the malice and the publication of the statement cannot be separated. The act against which a slander-of-title action is taken must have been false and malicious when it was performed. Yet Folmar admits that Empire's filing of the mortgage, while false, was not malicious. *Page 810 
The Court of Appeals addressed this very issue in Coffman. The appellant's argument in Coffman was nearly identical to Folmar's argument in this case, as the Court of Appeals' quotation from Coffman's brief shows:
 "'The court will notice that this is not an action for damages for any filing of the notice of lien, regardless of whether the filing was wrong or not. The complaint clearly states that the said [defendant] failed or refused to cancel said notice or declaration, or to remove the same from the record, after being notified to do so, and, as a proximate consequence, the damage is averred. It is not the filing of the notice we complain of but the failure, wrongful failure, to cancel the notice of record after being notified to do so. . . .'"
Coffman, 9 Ala. App. at 559, 63 So. at 810. The Court of Appeals found there to be no cause of action, stating:
 "Looking at the substance, and not the form, of the allegations in the complaint, the source of the damages claimed was the filing of the claim or declaration for record by which act the defendant claimed a lien on the property in disparagement of plaintiff's title, rendering it unmarketable. If the positive act of the defendant in filing and having recorded such false claim (if that it was) of a mechanic's lien on plaintiff's property is not actionable [under slander of title] (and it is not, unless it was maliciously done), then certainly his negative act in failing to cancel . . . record of such claim or declaration would not be actionable."
9 Ala. App. at 560, 63 So. at 810 (emphasis added).
Folmar contends that the above-quoted language from Coffman addresses whether one who files a lien has a "legal duty" to remove the lien, not whether a slander-of-title action lies for the failure to remove the lien. This mischaracterizes the quoted language, because the Court of Appeals states at the outset of its opinion that "[t]he damages so claimed . . . are such as are alleged to have resulted from a disparagement by defendant of plaintiff's title to certain real estate . . .; and the action falls, of course, within the class denominated in the law as `slander of title'. . . ." Coffman, 9 Ala. App. at 557, 63 So. at 809. Everything that follows in the opinion addresses Coffman's slander-of-title claim. Thus understood, Coffman holds that the refusal to remove a lien, if the lien was recorded without malice, does not give rise to a cause of action for slander of title.
Even if Folmar's distinction regarding the pertinent language inCoffman were correct, the passage reminds us where the focus must be in this slander-of-title action. Folmar would have us focus on the refusal to remove the lien from the title to her property, but the "libelous . . . words impugning [her] title" and the act that prevented Folmar from obtaining the loan were Empire's filing the lien on the title to the property. Under Alabama law it appears that the lien was not valid,[1]
and thus the statement by Empire, through recording, that it had a lien on the property was a false statement. It is undisputed that the evidence presented shows that Empire did not file this false statement with malice, as a cause of action for slander of title requires. See, e.g.,Coffman, 9 Ala. App. at 557, 63 So. at 809 ("Whatever be the statement, however, in order for it to form the basis of a right of action it must have been made, not only falsely, but maliciously. These elements are the very gist of the *Page 811 
action, without both of which it does not exist."). Consequently, Folmar failed to present substantial evidence indicating that Empire slandered her title to her property.
The filing of the lien may (or may not) have been a false statement, but it was done without malice, while the refusal to remove the lien may (or may not) have been a malicious act, but it was in no way a false statement. Neither act, however, constitutes slander of title because the statement at issue in a slander-of-title action must be "libelous or slanderous words falsely and maliciously impugning [her] title." §6-5-211, Ala. Code 1975. Thus, we affirm the summary judgment for Empire.
AFFIRMED.
Houston, See, Lyons, Brown, Woodall, and Stuart, JJ., concur.
Johnstone and Harwood, JJ., concur specially.
[1] Section 6-10-3, Ala. Code 1975, states, in pertinent part: "No mortgage, deed or other conveyance of the homestead by a married person shall be valid without the voluntary signature and assent of the husband or wife. . . ."